UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| DAVID L. WOMACK, | |
|---|---|
| Plaintiff, | |
| -vs- | C.A. No: _____ |
| WILLIAM J. MOLEINS; CHRISTOPHER HOLMES; JAMES DRUMM; Lt. GERBEF; | RECEIVED<br>JUN - 9 2010<br>AT 8:30 ____ M<br>WILLIAM T. WALSH<br>CLERK |
| DEFENDANTS. | |

## COMPLAINT

JURISDICTION AND VENUE

1. THIS COURT HAS JURISDICTION OVER THIS 42 U.S.C. § 1983 ACTION PURSUANT TO 28 U.S.C. § 1331.

2. THE DISTRICT COURT OF NEW JERSEY IS PROPER VENUE.

PARTIES

3. DAVID LEE WOMACK IS THE PLAINTIFF

4. DEFENDANT WILLIAM J. MOLEINS is Associate Administrator of NEW JERSEY STATE PRISON (N.J.S.P.).

5. DEFENDANT CHRISTOPHER HOLMES is Assistant Superintendent of N.J.S.P.

6. DEFENDANT JAMES DRUMM is Assistant Superintendent of N.J.S.P.

-1-

7. DEFENDANT GERDEF is Lieutenant (Lt.) of N.J.S.P.

8. THE DEFENDANTS in paragraphs 4 through 7 are sued both in their individual and official capacities.

FACTUAL BACKGROUND

9. In 2007, I was placed on suicide/camera watch. This watch requires that no officers or staff enter the cell unless a psychiatrist/psychologist and a special investigation division investigator is present with a camera. (Lt. GERDEF and other officers handcuffed me through the slot in the door, entered the cell, and placed me in the shower without a psychiatrist/psychologist and a special investigation division investigator with a camera being present. The reason that the officers violated the Department of Corrections policy, is because they said I flooded and they had to get someone to clean out the cell. Once I was placed back into the cell, the officers entered and started to beat me with sticks. Another officer ran in the cell and told the officers to stop because the camera was on. Another officer said don't worry about it he would cut the camera off.

10. After the 2007 incident, I repeatedly filed grievances with special investigation division, administrators, and custody supervisors requesting an investigation.

-2-

11. On my way to yard on August 07, 2009, I was confronted by Lt. Gerdef. Lt. Gerdef said: I see you still around here writing motherfuckers up. I aint forget about that bitch shit you did trying to get special investigation (Division) to investigate me for beating your ass. It's all good. I got something for your ass today. I then said yeah right I'm scared. To my surprise, I was unaware that Lt. Gerdef made this statement because he had planned beforehand for me to suffer violence at the hands of another inmate for filing grievances against him (Lt. Gerdef). Then for no reason, an inmate climbed over security gates that separated us and attacked me in the yard.

12. I received a disciplinary report for fighting in the yard. The disciplinary hearing officer found me guilty although he knew I was not the initial aggressor; I did not provoke the attacker; the force used was not by mutual agreement; I used force to defend against personal harm; I had no reasonable opportunity or alternative to avoid the use of force; and the amount of force I used was reasonably necessary for self-defense. NJAC 10A:4-9.13(F)

13. After the disciplinary hearing I appealed the decision to the administration. After not receiving a response to the disciplinary appeal, I filed multiple grievances requesting to know why none of the administrators or superintendents responded. When I brought these

-3-

concerns to the attention of misters Moleins, Holmes, and Drumm in face to face conversations. Mr. Moleins said look we are going to protect our officers at all cost. Mr. Drumm said I had your appeal on my desk for months. Now what do you really expect when you write Special Investigation Division asking them to investigate an alleged assault by officers on you. Mr. Holmes said Moleins told me he made it clear to you what the situation is.

### COUNT I

The First Amendment was violated when defendants conspired to have me physically attacked for filing grievances and then to cover it up.

### PRAYER FOR RELIEF

I pray for:
  (a) cost and expense of the suit;
  (b) Injunction prohibiting any retaliation in the future; and
  (c) $250,000.00 compensatory and $250,000.00 punitive damages.

5- -2010                David Lee Womack
Dated:              DAVID L. WOMACK, PRO-SE
                    0801569275 X 537775
                    N.J.S.P., P.O. BOX 861
                    Trenton, NJ 08625

-4-