To: Cluk of Court Office,                    (6, 2, 2012)

Mr. DAvid. Lee, WoMACK.
#08497-007, Cell-B-235, (S.H.U.)
U.S.p. Florence-FLp Attn:
Mailroom Records. p.o. Box 7500
Florence. Co. 81226,

CLERK, US. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2012 JUN 19  AM 10 58

Case Number: 3:10-CV-02932-AET-TJB)

I'M writting this Letter, and in Respond to: 25th day
of May. 2012 Ruling by this Court, by Judge:
Anne. E. Thompson. I Cannot Read oR write,
Which has been Founded by Judge Conner
3Rd Cir Doc #1:06-CV-2348) Also My Lawyer
(Ms. Debra M. Golden, Esq. (202) 775-0323) who
presence Me in the Legal Case Against the Feds, I s
going to send Something to this Court proving. to
Cannot Read oR write, which is why I aM asking
this Court to Appoint Me A Lawyer please. I
donot Know Law and kave Constitution issues
that ▇▇▇▇ I aM Filing be Fore this Court,
Which I would be deny, I aM not Appointed A
Lawyer. I'M still being tortrue by the Feds, and
I Fear For My life, and please help Me. My sister:
Ms. Shiree WoMACK, Call-Cell (202) 489-9950) My
Aranc/Mother: Ms. Steele and Mother: Ms. Collins: is
sending this Court the #350.00 Court Filing Fee
the Best I aM Able to send to this Court in
Writting With the help of Inmate: (Jackie)
(Brewington #41708-037) that do not Know Legal Law
At All, and which is why I Cannot Meet properly
Legal Level the Court ask to have this Case
Reopen, but I aM Asking this Court now to
put All #3 Cases together, due to Me being

tor true by New Jersey, and My Constitution Rights
Are being Violated. This Inmate:(Mr. Tormu E. prall)
#D.o.C. 650739, SBI, 700294B, 4B-R-Cell-4, New, Jersey
State prison.p.o.Box 861, Trenton, NJ, 08625 is the
one Who helped Me File theM Law suit's and he
is no longer with Me.and I don't have no one to
help Me with this one.


Judge Conner,
Case:08-2229, Document:003161385565 page:4 ←
DAte Filed: 02/12/2009,
  (Section,#5-And-#6 (united states Court of AppeLis)
                    (For the third Circuit)
                      No.08-2229
            District Court Civil Action No.06-2348)
                 (Argued February, 3, 2009)
                  (Filed: February, 12, 2009)
Ms.Deborah M.Golden, Esq, And, Mr.pHilp FornaCl
(202) 775-0323,                    (202)319-1000,
11, Dupont Circle, N.W. Suite 400
washington. D. C, 20036, __


My Sister: Ms.SHiree WoMACK,
    10616 Elizabeth parnuM place
    Upper Marlboro, MD 20772
        $350,00
                    THANK you
        PaGe-2-oF-3

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2229

_____

DAVID LEE WOMACK,

Appellant,

v.

JOSEPH V. SMITH, et al.,

Appellees.

_____

Appeal from the Judgment of the District Court for the Middle District of Pennsylvania
(District Court Civil Action No. 06-2348)

_____

Argued February 3, 2009

Before: McKEE, STAPLETON, *Circuit Judges*, and IRENAS, *Senior District Judge*.

Filed : February 12, 2009

John H. Shenefield, Esq.
Maxine M. Woelfling, Esq.
Aaron B. Hewitt, Esq. (Argued)
Morgan Lewis & Brockius LLP
111 Pennsylvania Avenue, NW
Washington, DC 20004

_____

* The Honorable Joseph E. Irenas, Senior United States District Judge for the District
of New Jersey, sitting by designation.

Page, 3 of 4

Joseph Smith on April 1, 2005. (JA0227.003)  Womack timely appealed the denial to the proper authority, which denied the appeal on the ground that the initial grievance was untimely.  Womack timely appealed that decision to the final administrative body, which affirmed on July 20, 2005.  Womack's initial grievance and subsequent appeals were all drafted by Womack's cellmate because Womack cannot read or write.

Thereafter, Womack filed the complaint in this case, asserting one count of cruel and unusual punishment against Warden Smith, USP Lewisburg Officer Kenneth Gabrielson, and BOP officials Harley Lappin, D. Scott Dodrill, and Harrell Watts.  All defendants moved to dismiss, and alternatively moved for summary judgment, asserting among other arguments, that Womack failed to properly exhaust his administrative remedies and that no Eighth Amendment violation occurred.  The defendants also sought, and were granted, a protective order which allowed only written discovery and expressly prohibited the noticing of depositions until after the motion was decided.  The district court determined that the protective order was appropriate because the defendants had raised the defenses of qualified immunity and Womack's alleged failure to properly exhaust his administrative remedies.

The district court granted summary judgment to the defendants, holding that Womack's procedural default (by failing to timely file his initial grievance) was not excused.  *Womack*, 2008 WL 822114 at *8. The district court alternatively held that no Eighth Amendment violation occurred.  *Id.* at *9 n.10.

Page, 4-of-1

(Begining, Section #5)

New Jersey State Prison
PO Box 861
Trenton, New Jersey 08625

April 05, 2006

District of Columbia Public School
Special Education Records Department
525 N. Capitol Street, N.E.
Washington, DC 20002

To Ms. Tawanna Henderson, Record Management Specialist:

I was given a court order in 1990 for me to attend the District of Columbia (DC) City
Lights for (1) one year, for which I did attend the school and completed.

I have a present court order that that requested for me to prove that I did attended the
school and the school findings of the of education (reading and writing) comprehension
level when I started and stopped going to DC City Lights. It is an emergency that I
receive the information with in the next two (2) weeks. It is a court order from D.C.
superior Court.

My D.C. number: 238243
            DOB: 04/03/1970
            SSN: 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

The Court Order was handed down from Judge Mr. Schooker to receive the documents
showing that I attended D.C. City Lights in 1990.

The documents should be forwarded to New Jersey State Prison – PO Box 861 – Trenton,
New Jersey 08625 , Attention : Social Services Department, Mr. M. Fletcher, Office:
(609) 292-9700. Ext. 4366.

Sincerely yours

David Womack
OS01569275/537775

(Section, #4)

David Womack #537775/OS01569275, 4B-L-Cell-1
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

August 25, 2006

Ms. DoNNa, SWeeneY (609) 292-9700, Ext. 4366.
New Jersey Department of Corrections
Interstate Corrections Compact Unit
PO Box 863
Trenton, NJ 08625-0863

To Whom It May Concern:

Why am I here at NJSP? I am a Washington, D.C. inmate. I do not have NJ state time. I did not sign anything to come here.

It is my understanding that under Interstate Compact I must agree to be sent to another state from the Federal Prison System.

I am requesting to be sent to a Maryland, Virginia or Delaware facility.

I have been assaulted while in your custody. I have submitted a request to file criminal charges against the officers who assaulted me. I have requested a lie detector test to prove my version of what transpired. I fear for my life and request for a transfer.

Sincerely,


David Womack

Dear. Shiree,

U.S. District Court
402 East State st
Room 2020
Trenton, N.J. 08608,    (6-2-2012)

I'M sending you this Important Legal Letter,
that I Need you, and grandMother to pay
the $350,00, before #60 days is up, send it
Certified Mail, and Call the Clerk of the Court,
Explain why y'all are paying it all at once, Give
hand written Notarize letters proving that I aM
illiterated, you Three have to, write Separate
Letters to them, make (Copy's) of each Letter y'All
Send, y'All Can Send All #3 Letters together to the
Clerk oF Court, y'All have to put My D.O.C. # at
the top of the Letter with My NaMe.

To: Clerk The oF Court oFFice,
in Care oF MR. David Lee. WoMACK
this is in Response of this Letter dated: 5/29/2012.
D.O.C. # 3:10-CV-02932-AET-TJB, this is how y'All have
to Address the Letter to the Courts. I'M Sending
this Certified Mail,

Shiree I Need you to E-Mail Ms. Debra M, Golden,
and Explain to her, I Need her oR the Law
FriM, to Send SoMe in prove to the Court's that I
Cannot Read oR Write, Ask Debra to Send the
Ruling that the Judge Just Made in the Case that
We Just had in Court that I Cannot Read oR
Write, Send it to the Courts oR Send it to her, Tell
her to Make Copy's oF it before She Send it.

— Love
David

P.S.
Send Me My pictures

U.S.P. - Florence - FLP Attn
MailrooM Records
P.O. Box 7500
Florence. Co. 81226

(See AttachMehts #12, pAge)

**Other Orders/Judgments**
3:10-cv-02932-AET-TJB WOMACK v. MOLEINS et al

### U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 5/29/2012 at 11:30 AM EDT and filed on 5/29/2012
**Case Name:**        WOMACK v. MOLEINS et al
**Case Number:**     3:10-cv-02932-AET-TJB
**Filer:**
**Document Number:** 18

**Docket Text:**
**ORDER that Pltf may proceed in forma pauperis; assessing a filing fee of $350.00; that
the Clerk shall serve a copy of this Order by regular mail on the Warden of the USP
Florence ADMAX; that Pltf shall, within 60 days, submit an Amended Complaint, under
this docket number, encompassing all of the claims that he wishes to present before
this Court including those claims presented in 11-cv-2884 and 12-cv-1232; that, to the
extent Pltf seeks appointment of counsel at this time, that request is denied without
prejudice to revisiting this issue at a later date; that the Clerk shall serve this Order
upon Pltf via regular mail. Signed by Judge Anne E. Thompson on 5/25/2012. (gxh)**

**3:10-cv-02932-AET-TJB Notice has been electronically mailed to:**

**3:10-cv-02932-AET-TJB Notice will not be electronically mailed to::**

DAVID L. WOMACK
#08497-007
S.H.U. B-237
U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 7500
FLORENCE, CO 81226

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=5/29/2012] [FileNumber=5933432-0
] [66a11aeda56c84699a03e32f49063123428581529 5d7920732932fca68ffda8bdcb
e51b081e09977d3494137743652cbd41459b682d26b1a38f81e94af1ec0c1]]

RECEIVED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MAY 2 9 2012

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

DAVID L. WOMACK,                    :
                                    :    Civil Action No. 10-2932 (AET)
            Plaintiff,              :
                                    :
        v.                          :    **ORDER**
                                    :
WILLIAM J. MOLEINS, et al.,         :
                                    :
            Defendants.             :

IT APPEARING THAT:

1.  On June 9, 2010 Plaintiff David L. Womack filed this civil
    action in forma pauperis, without prepayment of fees or
    security, asserting claims pursuant to 42 U.S.C. § 1983.

2.  The matter was administratively terminated on June 11, 2010
    because Plaintiff did not submit the $350.00 filing fee or
    an in forma pauperis application as required by 28 U.S.C.
    § 1915(a)(1), including a certified copy of his inmate trust
    fund account statement(s) for the six-month period
    immediately preceding the filing of his complaint as
    required by 28 U.S.C. § 1915(a)(2).

3.  On July 12, 2010 the Clerk of the Court received
    correspondence from Plaintiff regarding change of address.

4.  On February 25, 2011 the Clerk of the Court received
    correspondence from Plaintiff indicating that he had been
    moved to a federal facility for surgery. Plaintiff stated
    that he had trouble obtaining the six-months statement due
    to his transfer.

5.  On March 1, 2011 the Clerk of the Court received Plaintiff's Motion to Vacate and for Appointment of Counsel (docket entry 8), in which Plaintiff requested that case be reopened and that he be appointed counsel.

6.  The Clerk of the Court received subsequent correspondence from Plaintiff, none of which satisfied the requirement to provide a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2).

6.  On August 26, 2011, the matter was reopened to address the submissions from Plaintiff, the Motion to Vacate and for Appointment of Counsel was denied, and the matter once again administratively terminated.

7.  On October 3, 2011, the Clerk of the Court received from Plaintiff an Application to proceed in forma pauperis.

8.  Plaintiff had also filed, in the United States Court of Appeals for the Third Circuit, a Petition for Writ of Mandamus, seeking an order to compel this Court to screen two civil rights complaints (this case and 11-cv-2884) under the in forma pauperis statute, to consolidate the two cases, and to appoint counsel.  That Petition was denied on November 3, 2011.

9.  On November 14, 2011, this Court entered an order to reopen both cases for screening.

10.   It appears that Plaintiff has now presented the Court with

      sufficient documents to support his in forma pauperis

      application.

11.   On February 29, 2012, Plaintiff filed a third action, 12-cv-

      1232.

12.   Plaintiff currently has three cases pending before this

      court, all seemingly related to incidents occurring while he

      was incarcerated at New Jersey State Prison.

13.   While Plaintiff had sought an order from the Third Circuit

      to compel consolidation of two of the cases within this

      Court, he has not yet made such a request here.  However,

      since it does not appear that Plaintiff wishes for three

      separate cases to proceed separately, especially when

      certain claims appear to be duplicative, Plaintiff will be

      given the opportunity to make a request to consolidate and

      to file one, all-inclusive Amended Complaint.  Such Amended

      Complaint shall be filed under this docket number.

14.   Plaintiff had also sought an order from the Third Circuit

      for appointment of counsel.  Although Plaintiff states that

      he has difficultly preparing legal documents on his own

      behalf, he has provided no evidence that he is incapable of

      managing his own affairs.  At the time that Plaintiff

      submits his Amended Complaint, he may resubmit his request

      for counsel and may include any evidence to support such a

      request.

IT IS THEREFORE on this 25th day of May , 2012,

ORDERED that Plaintiff may proceed in forma pauperis without

prepayment of the $350.00 filing fee pursuant to 28 U.S.C. §

1915(a) and (b); and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00

and shall pay the entire filing fee in the manner set forth in

this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless

of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Plaintiff's

account exceeds $10.00, until the $350.00 filing fee is paid, the

agency having custody of Plaintiff shall assess, deduct from

Plaintiff's account, and forward to the Clerk of the Court

payment equal to 20% of the preceding month's income credited to

Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each

payment shall reference the civil docket number of this action;

and it is further

ORDERED that the Clerk of the Court shall serve a copy of

this Order by regular mail on the warden of the USP Florence

ADMAX, in Florence, Colorado in order for the filing fee to be

assessed; and it is further

ORDERED that Plaintiff shall, within 60 days of the date of

entry of this order, submit an Amended Complaint, under this

docket number, encompassing all of the claims that he wishes to

present before this court including those claims presented in 11-

cv-2884 and 12-cv-1232; and it is further

ORDERED that to the extent Plaintiff seeks appointment of counsel at this time, that request is denied, without prejudice to revisiting this issue at a later date; and it is finally

ORDERED that the Clerk of the Court shall serve this order upon Plaintiff via regular mail.

Anne E. Thompson
United States District Judge

Trenton State Prison
P.O.Box 861
Trenton New Jersey 08625

3:10-CV-0232-AET-TJB

Legal Mail

CLERK's OFFICE
U.S. District Court 402
East State est Room 2020
Trenton, NJ, 08608

(Section #2) ←

THE WALL STREET JOURNAL

U.S. NEWS Lewisburg
(WARDEN Mr. Joseph v. Smith ←

# Suit Claims Prisoners Are Mistreated

BY JOHN R. EMSHWILLER
AND GARY FIELDS

Norman Shelton, an inmate at the federal penitentiary in Lewisburg, Pa., claims prison officials twice forced him to share cells with inmates they knew would beat him because he is a Muslim. When he had objected to other dangerous cell assignments, he alleges, guards put him in restraints so restrictive he now has scars and nerve damage.

Attorneys this month sought class-action status for a lawsuit on Mr. Shelton's behalf, hoping to cover hundreds of Lewisburg prisoners they said were subjected to similar mistreatment. The suit, filed in the U.S. District Court for the Middle District of Pennsylvania, seeks monetary damages and an injunction against the use of restraints as punishment.

The petition claims Lewisburg officials routinely paired known enemies in the same cell, contributing to more than 270 inmate-on-inmate attacks since 2008. Some inmates were punished through "four-pointing," the strapping of all four limbs to a bed frame, for resisting a cell assignment, the filing says.

A federal Bureau of Prisons spokeswoman declined to comment on the litigation. She said the federal prisons use restraints only to prevent an inmate from harming others or himself, not as punishment. While restrained, a prisoner is monitored to ensure his health and safety, she said. Officials try to keep known enemies separated, she added.

The federal prison system is struggling to cope with a rising population caused by an increase in both criminal laws and sentences. Over the past three decades, the inmate population has

### Population Boom

Number of federal prison inmates. Data for some years prior to 1995 are estimates.



Sources: U.S. Bureau of Prisons and Bureau of Justice Statistics

grown eightfold, to roughly 200,000, according to government statistics. Federal prisons now house nearly 40% more prisoners than they are designed to hold.

The increasingly crowded system has spurred officials to look for new ways to keep order. One solution: housing some of the most troublesome inmates in a single facility to reduce disruptions at other prisons. In 2008, the Bureau of Prisons began moving about 1,100 such inmates to Lewisburg, one of the highest-security prisons in the system. Officials said other prisons have seen improved conditions as a result.

At Lewisburg, many inmates are routinely kept two men to a cell for 23 hours a day. The Bureau of Prisons should be housing its most dangerous prisoners one to a cell to protect other inmates and staff, said Michael Meserve, a vice president of the Council of Prison Locals #33 of the American Federation of Government Employees, which represents workers

at Lewisburg and other federal prisons. Prison administrators can't do that, however, because of overcrowding and lack of resources, he said.

"When you take problem inmates and put them all in one place like Lewisburg, you are creating a recipe for disaster," Mr. Meserve said.

The Bureau of Prisons spokeswoman acknowledged overcrowding is a problem but said the Lewisburg inmates are deliberately housed in pairs to teach them how to "coexist with others." Some 600 inmates have been successfully returned to general prison populations after spending time in Lewisburg, she said.

Philip Fornaci, one of Mr. Shelton's attorneys, said federal-prison officials use "brutal practices" to force inmates to accept dangerous cell assignments. The recent court filing in the lawsuit alleges that punishments at Lewisburg include "ambulatory restraints" that involve shackling

an inmate's legs, cuffing his hands and attaching the cuffs to a chain around his torso. Restraints are often so tight they cause "severe pain, swelling, breathing and circulation problems" and interfere "with daily activities such as eating, drinking and toileting," according to the filing.

The lawsuit claims one inmate was kept for 28 days in ambulatory restraints so tight he was "screaming in pain." He was also put into four-point restraints for over eight hours, during which he was denied access to a urinal and "forced to lay in his own soil," the filing said.

The Bureau of Prisons spokeswoman said ambulatory restraints allow the inmate to eat, drink and take care of basic human needs. She said inmates in four-point restraints are given food, water and opportunities to use the restroom.

A separate lawsuit, pending also in the U.S. District Court for the Middle District of Pennsylvania filed by former Lewisburg prisoner David Lee Womack against prison officials contends that during 26 days in ambulatory restraints he was unable to fully extend his body or "properly clean himself after using the toilet."

In a March decision denying a defense motion to dismiss the suit, Judge Christopher Conner wrote that "a reasonable official...would have known that placing Womack in restraints for 26 days violated the Eighth Amendment" ban on cruel and unusual punishment.

A government court filing said Mr. Womack was put in restraints after an altercation with a guard and kept restrained because he was a threat to himself or others. He was regularly monitored and his medical records don't support the injuries he claims, the filing said.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID LEE WOMACK,    :  CIVIL ACTION NO. 1:06-CV-2348
   **Plaintiff**      :
             :
   **v.**         :  **(Judge Conner)**
             :
JOSEPH V. SMITH, *et al.*,    :
   **Defendants**    :

### ORDER

AND NOW, this 20th day of October, 2011, upon consideration of the order

by the United States Court of Appeals for the Third Circuit (Doc. 178), dismissing

the defendants' appeal, and in accordance with this court's prior order (Doc. 170),

it is hereby ORDERED that this case shall be  placed on the **February 2012** trial list.

Accordingly, motions *in limine* <u>and</u> supporting briefs shall be filed on or before

**Wednesday, November 30, 2011**.  The deadline for filing pretrial memoranda shall

be **12:00 p.m. on Thursday, January 12, 2012**.  The final pretrial conference will be

held **at 1:30 p.m. on Thursday, January 19, 2012**, in Jury Room No. 2, Ninth Floor,

Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania.  Proposed voir dire

questions and proposed jury instructions are due by **Thursday, January 19, 2012**,

and may be submitted at the pretrial conference.

Jury selection for trials on the **February 2012** trial list will commence **at**

**9:30 a.m. on Monday, February 6, 2012**, in Courtroom No. 2, Ninth Floor, Federal

Building, 228 Walnut Street, Harrisburg, Pennsylvania Trials will commence

following the completion of jury selections.  Counsel should note that criminal

matters take priority and may delay the beginning of the civil trial list.

Prior to the commencement of trial, counsel shall submit three (3) complete

exhibit lists (see attached form) and three (3) complete sets of exhibits for the

court's use, in addition to the original which will be offered into evidence.

All other instructions and guidelines set forth in this court's prior scheduling

order (Doc. 164), dated March 7, 2011, shall remain in full force and effect.

S/Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

(3-14-2012)

Dear, Ms. Debra M. Golden
11, Dupont Circle. N.W. suite 400, Washington. D.C. 20036)
I am sending you these Certified Mail to Bring
to your Attention I'M writing this letter to
address the last conversation that we had, on
the 14th of this Month. I clearly understand
your point From a legal point of view. But I
Can not in good sense, not bring to the judges
attention, all the wrong that has been done to Me
by the Fed's in retaliation, because of My law
suit against warden smith of F.U.S.P. Lewisburg.
so I ask that at some time during the trial
that you bring to the judge's attention that I
Fear For My safety whiloin the Feds. So
please ask that he transfer Me to a State
Facility, at the conclusion of trial, For My
safety, preferably a Mary land prison? Can
you please give Me something in Nriting, that
you will do this if not then I will have to do this
Myself, and ask the judge, cause I dont
Want to get hurt, or killed. I respect your
professional advise on this but I cant not
remain in constant danger. please give Me
something in writing, before we start trial?
  Mr. Darld Lee, Womack #08497-007, Cell-B232(SHU)
U.S.P. Florence - FLP. P.o. Box 7500
Florence, Co, 81226

5,27,2012

To: Ms. Debra M, Golden

     I'm writling you about the last N,J, New Jersey Lawsuite you File For me, D,o,C, #3:12-cv-01223-JAP-TJB, every time I try to check that Case on the Compute My Fedeval case Comes up, which I dont understand, CAN you please File oul Whats going on with my N,J, Lawsuite, the Last one you File For. Also the Letter Date 3-14-2012, I want you to senol it to the Fedral Judge that ove Jast want to trial with, As My writtere statement Request From him, He SAid At the end of trial And everything I wanted to say to the Courts I had to say it I in writling to you, Can you please send me two Copy oF when you send what you Send to him.

     Thank you For your Help

     DAvid LWoMACK, #08497-007
     S,H,U, B-235,

     P,S Copy #1

IN harms way with a Cellmate, cause I know I
would be held Accountable For anything that may
happen in the cell. Lawyer Name MR. Matthew M.
Robinson, Esq. 2003 (Voice (513, 381-8033, (239, 642-8598)

**Section #3,** (Please Respond to us at) 11331 Grooms Road suite 300
(Cincinnati, Ohio 45242)

I was wrongfally transfer From Lewisburg
U.S.P, on, 10-21-20005, To New Jersey State
prison. p.o. Box 861 Trenton, N.J. 08625, (M.C.U.) unit
For 4B-1-Cell, 1. My First hearing date (Nov, 22, 2005,)
which were All False lies by the FBoP, I was not
giving A hearing by the B.o.P. beFore I was
transfer which is Federal Law, and I was
wrongfully deny due  process.

**Section #4,**

I was Assaulted by oFFicer's in New Jersey in 2006,
I Requested to have Criminal Charges brought
Against the oFFicer's who Brutually beaten me, by
S,I,D, Investiogation Dept.(1,4,06,)

**Section #5,**

I was wrongFully place on psychotropic
Medications by New Jersey oF Medical dept.
(Risperdal) For over two years. on January (6,2010,)
I was place on Risperdal, to discredit me
because I was Filing Criminal Charges
Against the oFFicer's. I was giving A Full
psycological test oF 45, days At Spring Field
Missouri, by DR. pikes, Also I was giving A "M.M.P.I-2"
Test by MS. BuFFaloe, Aleha psych, on, 7,15,2011, which
None oF these tests was giving to me by New Jersey,
Farther More My lawyer MS. Debra M. Golden, 202, 775-0333
11, Dupont Circle. N.W. suite 400 Washington, D.c. 20036
File paper work on oct "29, 2008 About me being
wrongFully place on psych meds, which I was

Section #5,
help. It's Noway the Medical Dept. ▬ can label Me As SchizoaFFective For over two years Without giving Me A psyhc evaluation As Soon As My Lawyer got in then they take Me oFF.

Section #6
oN, 9,14,2005, The D,C, Superior Court Send Me Notice oF Appeal, Which I nover Recieve due to they Send it to Broocklyn, Ny- C,C,M, oFFice Ms. NeMeth, cuse cvorker, which I never was At this Address in My liFe the, C,C,M, is Responsibllity For My Wellbeing At New Jersey, they Never inForm M,E, the Courts Send the Mail For Me Nor did I never Sign For the Legocl Mail From, D,C, Court, I was drug up wrongFull on psyhc meds C,C,M, Clearly Kept Me FroM Communicating with the Courts, which Violates My Constitution Rights.

Section #7,
(oN, 8,7,09,) thru, 9,2,09, At New Jersey, I was wrongFully due to the Admin try to have Me Kilt, in the outside Rec Cage's I was wrongFully leFt in My Cell For A week with A broke leeft hand, My Lawyer Ms. Debra Aolden (202, 775-0323, washington, D,C, Call A Lawyer Friend in (201, 487-9797) New Jersey A (Mr. Steve, LatiMer) who call Congress who got New Jersey AdMinistration to give Me Medical Attention, I Found guitty For Fighting WrongFully by New Jersey. I was denail Due process unger New Jersey Appeal SysteM, I the Charges was thrown out 9 Month_Later, Due to New Jesey has A SelF-deFense law, that I'am Sending you Cop's oF

Section #8,
oN, 2,14,2011, At New, Jersey I was wrongFully Cleny Communicate with the Court Again I was then WrooigFully put in A Dry Cell on, (2,15,2011,) oN

**Section #8,**

Straight I sleep in A bloody Feces Cell on the Floor where I was bitten, and Catdn (MRSA) I was then Move to Cell-1, Rightside on (3,24,11,) I was wrongFully leFt in Cell For A week bleecling I had to Cover My window to keep oFFicer's Ficm being Able to Count Me, they run in My Cell and beat Me up the warden Come, and tiad them take Me to Nledical, on, 4,6,2011, I was seen by DR, Margret, I was place in Cell-9 with (MRSA,) I was treated by Ms. Hcwell (Nurse), I was Release Fiom Medical on 4,12,2011, All oF this My sister has prooF oF. Ms, Shiree WoMACK. (202,489-9950.)

**Section #9,**

I have notiFy My Case werker Ms, NeMeth At Brooklyn, NY, 11232 For Multiplt years oF All that has been WrongFullay dohe to Me, by New Jersey prison, It's policy that New Jersey give Monthly up olates on My Stateus, while houise in New Jersey. the Feds, C.C.M, Ms, NeMeth have willingly Allow Me to be torture because the LawSuit I had in Covrt Against them. Civil Action No. 1:06-CV-2348, Judge Conner, I have More then A Enough psysical prooF oF All that has done to Me I have had Multiplt Attempt on My liFe, I have NotiFy All the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ NeCSSary people in government uet on one wants the true it seen, but I ReFues to give the devil victor, so I Ask that you please do wlhat Right and help Me bring lighht to this darkness,

**Section #10,**

New Jersey have Clear intention in doing All they Can to stop Me FrcM bring Attention to theM Torturing Me For years, then they Even deny Me to see My Lawyer and to speak with My lawyer on the phone, and deny Me outside Rec For over A year. Deny Me Medical

Section is the D.O.C. #3-10-CV-02932, AET-TJB - 3,11, CV, 02884,
#10, JAP, DEA, 3-2012-CV-01232, JAP, TJB,

#11, FBop is Retaliating Against Me, due what I file
Section in Court Against the FBop, they are Continually tor
ture Me and trying to Stap Me From bring Attentlon
to All they Re doing, I Fear For My life, please Allow
Me to take A lie-detecta and have me Enterview by
(someone outside Next *I an I sencling you Copy's
oF Everything I have My sister has Every thing
Else you wouldnt believe tLere her Address, and
As well As the people that I Also Send Copy oF
this Letter CertiField to All parties, white house, the
3Rd CilFederal Courts the Mayor oF, D.C, thank
you For your podlent I Needed help, God Bless.

Section
#12, I Ask My Lawyer Ms, Debra M, Golden to Notity Jugde
(Conner) Civil ACtion No. 1:06-CV-2348, About My
Request to be ReMove back to the State For My
SaFety.

Section
#13, The Feds are trying to Send Me wrongFully to
(A.D.X,) by Using New State paper work, I Send
there, without A hearing and deny Due process
while I was there, and Continually to NotiFy
C,C,M, Brooklyn, Ny As well As others, But I was
still wrongFull left that For years,

I Mail Legat Mail To Mr. John R, EMshwiller
oF the wAll Street Journal
DepartMent: Newspaper. (And To: the)
(6500, Wilshire, BLVd #1500, L.A. CA 90048)
WhoMever this My ConCern White House
1600, pennsylunniA, Ave
Washington, D, C, 20090

G.A.O.
Accounting department Retibility
United States General Accounting Office
Washington. D.C. 20548

(1-3-2012) 2

ON 12-14-77 while being housed on 4-B-R-cell #8 at app. Dinner time Lt. J.Crothers And Sgt. Antoniello was on the Unit to feed inmate Ricky cell #12 I spoke to both offices, that I was about to go the fuck off "!! do to (1) My money which was wrongfully being taken from my Account for more then 5 months, I wrote grievance forms As well As written Ms. Sweeney (New Jersey interstate Contact. I wrote her on 10-17-11, And 10-10-11 which of yet I have Not recieved a response from her. (2) I have been constantly denied by this institution (administration) to contact my lawyer by phone do to this institutional not putting my lawyers phone on the list. (Debrah Golden. ESQ (202) 775-0333. I have a trial date soon and they are hindering me from contacting my lawyers. I also filed several grievance forms and have yet to recieved a response. Due to the administration refusing to deal with and responding to these grievance forms to these on going problems I felt i had nothing to loose because the administration is retaling against me because of the law suits I had filed against them-

ON 12-14-11, I was taken to 1-C and placed on chair strapped I remained in the chair til friday the 16 on the 2nd shift around 5:30 or 6:00 PM I was placed with plastic handcuffs behind my back by Lt. J.Crothers and unit team. I was then carried to cell 5 placed on the floor and left in the cell by Lt. J.Crothers and team. remained. ON constant watch while handcuffed behind my back. I remained in this conditioned while cuffed behind my back til 12-17-11-10:00 PM the next day. When Lt. J.Crothers came back to the cell to remove them (handcuff) with the team they cut the handcuffs off place the mattress in the cell directly on top of my body while I layed on the floor they then placed the shield on top of the mattress And then thier feet on top of it while backing away from the cell. I never recieved a right up when Lt. J.Crothers put me in the cell behind my back, nor did i recieved a right up when the handcuffs came off the reason i believe I didnt recieved any right up is be-cause they Know they whore wrong for Keeping me hand

Mr. Gordon 4B-R-Cell-9

that long for #28 hrs. This order was given by Mr. Nelson
Assit. administrator to place me in the cell with handcuffs on
I filed grievence forms asking for all Camera to be seen as
evidence to whats its been done to me. 12-29-61. Also all
D. a. C. constant watch cameras- I was on constant watch
the whole time from the 12-14-11 til, 12-29-2011

ON 12-17-11 while laying on the floor the mattress unlawfully
while dirty on top of me, this could cause infections etc.
I will like to take a lie detector test !! :-) smile.

                          Mr. DAVid L, WoMACK
                          U.S.S. #08497-007



# WASHINGTON LAWYERS' COMMITTEE
## FOR CIVIL RIGHTS & URBAN AFFAIRS ▪

September 13, 2011

*3:2012, CV-01232, JAP-TJB*
*(Section #0)* ←

Charles Warren
Administrator
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

Re:   **David Womack  SBI # 0S01569275, 537775**

Dear Mr. Warren:

On Friday, September 9, 2011, I attempted to visit was client, David Womack, at the New Jersey State Prison. This was a pre-arranged legal visit, coordinated with your staff. I was denied access to my client on the basis of Mr. Womack's alleged refusal to comply with illegal and highly inappropriate strip search procedures prior to our meeting. These newly-adopted procedures require Mr. Womack to emerge naked from his cell and submit to full body and cavity search under the full view of several cells of other inmates. On behalf of Mr. Womack and his legal team, I strongly object to the imposition of these inhumane procedures and demand that Mr. Womack be granted full access to his attorneys, as required by law.

On September 9, after waiting more than one hour after the scheduled appointment time, I and another attorney were informed by a correctional officer that Mr. Womack "refused to comply with strip search policy." Based on prior reports from Mr. Womack, I asked the officer if these strip search procedures involved Mr. Womack being forced to submit to a search in front of other prisoners on the tier. He indicated, in the presence of the other attorney, that this was indeed the case. I verbally protested this procedure and was re-directed to you.

A short while later, a senior official at your facility (you?) spoke to me in the waiting area. This official insisted that Mr. Womack had "refused to comply" with the strip search policy. When I attempted to determine whether this policy required the inhumane and unnecessary practices described above, the conversation was immediately terminated. Subsequently, I requested a copy of the "strip search policy" from staff at the facility, given that this was the alleged basis for denial of my client's access to his attorneys. I was promptly told to leave the premises, on orders from the Administrator.

As you know, Mr. Womack is being held in your facility through an arrangement with the federal Bureau of Prisons (BOP). While he is in your custody, you are required to allow him access to his attorneys, among other duties. You are not permitted to subject him to arbitrary, illegal and inhumane treatment while he is in your custody, like the alleged "strip search policy" described here. The practice of forcing Mr. Womack to stand naked before dozens of other inmates serves no penological purpose, but rather the goal is to punish him through humiliation,, and to potentially subject him to violence. There is simply no reason why he cannot be searched in private, as are all other prisoners in your facility prior to a visit.

11 DUPONT CIRCLE, NW  SUITE 400  WASHINGTON, DC 20036

www.washlaw.org (WEBSITE)   (202) 319-1000 (VOICE)   (202) 319-1010 (FAX)   (202) 319-1075 (TDD)

Charles Warren
September 13, 2011
Page 2

When I and another attorney visited Mr. Womack approximately six weeks prior, again on a legal visit arranged through your staff, we were forced to wait more than three hours. Staff claimed that the delay was due to Mr. Womack being visited by BOP officials. We later learned that this was a falsehood, that BOP officials had not been visiting Mr. Womack. Instead, we learned that your staff and Mr. Womack had been in a standoff for several hours, with Mr. Womack resisting being strip searched in front of other prisoners. Ultimately, your staff reached a resolution with Mr. Womack that did not involve this humiliating process, and the legal visit occurred.

It is undeniable that Mr. Womack is fully entitled to meet with his attorneys. Your staff has placed numerous obstacles making these visits difficult or impossible, this latest episode being the most egregious. This cannot continue. I am formally requesting: (1) a copy of the strip search policy in question, (2) an immediate end to the practice of forcing Mr. Womack to be forced to stand naked before other prisoners, whether prior to legal visits or as a precondition to receiving recreation or other out-of-cell activities, and (3) assurances from your office that future legal visits will be facilitated and that his attorneys will have appropriate access to Mr. Womack as necessary.

Sincerely,

Philip Fornaci
Director, DC Prisoners' Project

Cc:        John Emshwiller
           Senior National Correspondent
           The Wall Street Journal

           Gary M. Lanigan
           Commissioner, NJ Department of Corrections
           Whittlesey Road, P.O. Box 863
           Trenton 08625-0863

           Paula T. Dow
           Attorney General
           Office of the Attorney General
           P.O. Box 080
           Trenton, NJ 08625-0080

           Gary LoCassio
           Acting Director, Division on Civil Rights
           Office of the Attorney General
           PO Box 090
           Trenton, NJ 08625-0090

Charles Warren
September 13, 2011
Page 2

Jonathan Smith
Chief, Civil Rights Division, Special Litigation
U.S. Department of Justice

Peter <u>Brustman</u>
Community Corrections Manager
Federal Bureau of Prisons
US Department of Justice
P.O. box 329014
Brooklyn, New York 11232

MELONNIE (9-14-2011)
4B-R-Cell-1

Form 256 - I
N.J.A.C. 10A:4

**STATE OF NEW JERSEY
DEPARTMENT OF CORRECTIONS**

Revised
1/2000

## APPEAL OF DISCIPLINARY DECISION [APELACIÓN DE UNA DECISIÓN DISCIPLINARIA]

**Please Print or Type [Sírvase usar letras de molde o máquina de escribir].**

To: Mr. WARREN   New Jersey State prison
Correctional Facility [Institución de Corrección]

TO  AdMINistrAtor                    , Administrator
[PARA]                                 [Administrador]

FROM  Mr. DAVid L. WomAck    DOC 537-375    4B-R-Cell-1
[DE]      Name [Nombre]          Number [Número]    Housing Unit [Unidad de Vivienda]

Sir: [Sr(a).]:

I appeared before the Disciplinary Hearing Officer _____
[Comparecí ante el(la) Oficial de Audiencias Disciplinarias]        Name [Nombre]

on 09/13/2011 at 450 ☒ AM ☐ PM for violation of Prohibited Act # 256
[el]            [a las]              [por violación al Acto Prohibido]

# _____, # _____, # _____, # _____

1. I wish to appeal the decision of the hearing officer, based on the following reasons:
   [Deseo apelar la decisión del Oficial de Audiencias, basándome en las siguientes razones:]

   ☒ violation of Standards [violación de las Normas]

   ☐ misinterpretation of the facts [mala interpretación de los hechos]

   ☐ a plea of leniency [una petición de indulgencia]

   ☒ other [otra]

2. ☐ I request that the sanction imposed be suspended pending appeal. [Solicito que la sanción impuesta se suspenda mientras se apela]

EXPLANATION: [EXPLICACIÓN]

THE FOURTH AMENDMENT TO THE U.S
CONSTITUTION PROTECTS PRISONERS FROM
SEARCHES AND SEIZURES GROUNDED IN ARBIT-
RARY, CAPRICIOUS OR HARASSING MOTIVATION.
SEE ATTACHMENTS 2-3

PREPARED BY: [PREPARADO POR:]

_____         _____
Printed name of person preparing form       Signature of person preparing form
[Nombre en letra de molde de la persona que preparó el formulario]   [Firma de la persona que preparó el formulario]

David L Womack         9-14-2011    9:30    ☐ AM ☒ PM
Signature of inmate [firma del(la) confinado(a)]    Date [Fecha]   Time [Hora]

RECEIVED BY:

C. Samosuk         _____      9/15/11   0635   ☐ AM ☐ PM
Printed Name       Signature      Date      Time

A PUBLIC STRIP SEARCH CONDUCTED IN THE VIEW OF OTHER PRISONERS IS ARBITRARY, CAPRICIOUS AND HERASS- ING. IT IS FOR THIS ADMINISTRATION TO MANAGE THE PRISON IN SUCH FASHION SO THAT PUBLIC STRIP SEARCHES OF INMATES DO NOT OCCUR.

THE 256 PROHIBITED ACT IN THIS CASE ARISES OUT OF Sgt. BEATTY PUT ME TO CHOOSING BETWEEN SUBJECTING MYSELF TO A PUBLIC STRIP SEARCH BEFORE RECEIVING AN ATTORNEY VISIT. BECAUSE WALKING FROM MY CELL NAKED TO STICK MY BUTTOCKS OUT AS FAR AS POSSIBLE, SPREAD MY RECTUM OPEN, AND LIFT UP MY GENITALS IN VIEW OF OTHER PRISONERS IS TOO HUMILIATING AND DEGRADING, I ABANDONED MY ATTORNEY VISIT.

WITHOUT ATTEMPTING TO SET OUT ALL THE SCENERIOUS, THERE ARE OBVIOUS, EASY ALTERNATIVES TO THE PUBLIC STRIP SEARCH POLICY/PRACTICE THAT WO-

- 2 -

ULD NOT POSE A RISK TO OTHER PRISONERS OR STAFF OR CREATE A RIPPLE EFFECT IN THE PRISON. FOR EXAMPLE, OFFICERS CAN SEARCH ME FROM IN THE CELL WHILE I PUT MY CLOTHING THROUGH THE FOOD PORT OR STRIP SEARCH ME IN THE SECLUDED SHOWER AREA, RATHER THAN HAVE ME WALK FROM THE CELL NAKED, UP TO THE SECURITY GATE, TO BE STRIP SEARCHED IN THE VIEW OF OTHER PRISONERS WHILE STANDING ON THE TIER.

FINALLY, THE 60 DAYS LOSS OF RECR- EATION I RECEIVED FROM THE 256 PROHIBITED ACT VIOLATES PRISON REGULA- TIONS. 10A:4-5.1(b)2 SAYS THE MOST I CAN RECEIVE FOR A FINDING OF GUILT FOR THE 256 IS LOSS OF ONE OR MORE CORRE- CTIONAL FACILITY PRIVILEGES UP TO 30 CALENDAR DAYS.

-3-

P158

4BR

**Form 256 - II**
**N.J.A.C. 10A:4**

**STATE OF NEW JERSEY**
**DEPARTMENT OF CORRECTIONS**

Revised
1/2000

### DISPOSITION OF DISCIPLINARY DECISION  [DISPOSICIÓN DE LA APELACIÓN DISCIPLINARIA]

**Please Print or Type  (Sírvase usar letras de molde o máquina de escribir)**

New Jersey State Prison
_____
Correctional Facility  [Institución de Corrección]

TO      Womack, David                                    ,          537775 / 0S01569275
(PARA)          Name  [Nombre]                                              Number  [Número]

FROM    William J. Anderson                          ,          Assistant Superintendent
(DE)            Name  [Nombre]                                              Title  [Título]

I have reviewed the appeal of your disciplinary hearing held on ___9/13/2011___, 9:50  ☒ AM ☐ PM
[He revisado la apelación de su audiencia disciplinaria que tuvo lugar el]

for violations of  # __.*256__ , # _____ , # _____ , # _____ , adjudicated by Hearing
[por violacioines de]                                                              [cuyo fallo dictó el(a)]

Officer   Makarski                                    , and have determined that:
[Oficial de Audiencias]                                        [y he determinado que]

☒ The decision of the Hearing Officer is upheld.  [Se respalda la decisión de(la) Oficial de Audiencias]

☐ The decision of the Hearing Officer is rescinded.  [Se rescinde la decisión de(la) Oficial de Audiencias]

☐ The decision of the Hearing Officer is modified.  [Se modifica la decisión de(la) Oficial de Audiencias]

☐ The decision of the hearing Officer is rescinded and a new hearing is ordered.  [Se rescinde la decisión de(la)
    Oficial de Audiencias y se ordena una nueva audiencia.]

EXPLANATION:  [EXPLICACIÓN]

A review of the charge, investigation and its adjudication revealed that 10A and all of the safeguards

therein were adhered to.  Your appeal fails to delineate any violation of standard as it pertains to this

charge or its sanction.  For this reason the decision of the Hearing Officer is upheld.

___N/A___      Defendant's mental health history was reviewed and considered  (if applicable)
               [El estado de salud del defendido fue revisado y considerado]  (si se requiere)

_____          __9/28/11__     __1:01__   ☒ AM ☐ PM
Signature of Administrator or Designate          Date              Time

Delivered by _____J. KANE_____                            __9-29-11__
             Printed name of employee                              Date

_____                    _____J. KANE_____
      Signature of Inmate                          Signature of employee if inmate refuses to sign



## State of New Jersey
### DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO BOX 863
TRENTON NJ 08625-0863

CHRIS CHRISTIE
*Governor*

GARY M. LANIGAN
*Commissioner*



October 27, 2011

Mr. David Womack #537775
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625-0861

Dear Mr. Womack:

I have received your letter dated 10/13/11.

I do not condone, nor tolerate, unprofessional behavior by my staff.  However, with respect to your concern about your sanctions, only the Administrator or the Administrator's designee at your facility can modify sanctions.  Once you have exhausted this remedy, you may appeal your case to the New Jersey Superior Court.

Sincerely,

John Falvey
Asst. Director
Inmate Disciplinary Hearing Program

JF/yw

c: file



## State of New Jersey
DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO Box 863
TRENTON, NJ 08625-0863

September 27, 2011

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

GARY M. LANIGAN
*Commissioner*

Phillip Fornaci, Director
DC Prisoners' Project
Washington Lawyers' Committee for Civil Rights Urban Affairs
11 Dupont Circle, NW Suite 400
Washington, DC 20036

RE:    David Womack SBI# OSO01569275

Dear Mr. Fornaci:

My office is in receipt of your correspondence dated September 13, 2011 regarding your visit with Womack, David # OS01569275. As I understand the facts, you were here at New Jersey State Prison on Friday September 9, 2011 for a prearranged legal visit with inmate Womack which did not take place due to inmate Womack's refusal to comply with N.J.A.C 10A:3-5.7, specifically, he refused to submit to a strip search.   You were informed of this.  At your request, you spoke with an Assistant Superintendent who attempted to address your concerns.  As it became obvious that a productive conversation would not occur at that time, you were asked to leave the facility.

At no time during his incarceration in the New Jersey Department of Corrections has Mr. Womack been unjustly denied a visit with his attorneys.   He, like any other inmate housed in New Jersey State Prison, is required to comply with the rules and regulations of the department.   Included in your missive, are a number of assumptions regarding the search procedures of the department.  For your edification, please refer to N.J.A.C 10A:3-5.7, which governs the strip search procedures employed by the NJDOC.

Respectfully,

Charles E. Warren Jr.
Administrator
New Jersey State Prison

CEW:cew

C:     Gary M. Lanigan, Commissioner
       Michelle R. Ricci, Director
       Melinda Haley, Director, Office of Legal and Regulatory Affairs
       File

*New Jersey Is An Equal Opportunity Em:        • Printed on Recycled and Recyclable Paper*



NEW JERSEY ADMINISTRATIVE CODE
Copyright (c) 2011 by the New Jersey Office of Administrative Law

*** This file includes all Regulations adopted and published through the ***
*** New Jersey Register, Vol. 43, No. 19, October 3, 2011 ***

TITLE 10A. CORRECTIONS
CHAPTER 3. SECURITY AND CONTROL
SUBCHAPTER 5. SEARCHES OF INMATES AND FACILITIES

*N.J.A.C. 10A:3-5.7* (2011)

§ 10A:3-5.7 Strip searches

(a) A strip search shall be conducted while the inmate is unclothed. A strip search includes a thorough and systematic examination of the inmate's body and orifices, including visual inspection of external genital and anal areas, as well as the inmate's clothing and all personal possessions.

(b) A strip search of an inmate(s) may be conducted in any of the following circumstances:

1. After a contact visit;

2. Before an inmate enters or leaves the facility's main building, whether to go to a destination in the outside community or to a minimum security camp or farm area;

3. Prior to the departure of the inmate from any area where the inmate has had access to dangerous or valuable items;

4. Upon entering or leaving any close custody unit;

5. During housing unit/wing searches;

6. Before placement of an inmate under constant observation or suicide watch; or

7. When a custody staff member with a rank of Sergeant or above is satisfied that there is a reasonable suspicion that an inmate is carrying or concealing contraband on his or her person, or in the inmate's anal or vaginal cavity.

(c) A strip search shall be conducted:

1. At a location where the search cannot be observed by unauthorized persons;

2. In a professional and dignified manner, with maximum courtesy and respect for the inmate's person;

3. By the number of custody staff deemed reasonably necessary to provide security; and

4. By custody staff of the same gender as the inmate and may include a scanning/testing device operator(s) of the same gender as the inmate except as set forth in (d) below.

(d) Strip searches of inmates may be conducted by custody staff and a scanning/testing device operator(s) of the opposite gender under emergent conditions as ordered by the Administrator, Associate Administrator, Assistant Superintendent or the highest ranking custody supervisor on duty.

(e) In emergent circumstances, strip searches may be observed by persons, such as, but not limited to, the on-call Ombudsman, a Special Investigations Division Investigator(s) or Special Operations Group (SOG) Unit members required to be present who are not conducting the search and who may be of the opposite gender to help ensure:

N.J.A.C. 10A:3-5.7

1. The secure and orderly operation of the procedure;

2. The accurate recordkeeping regarding the emergent circumstances and incident;

3. That the strip search is conducted in a professional and dignified manner, with maximum courtesy and respect for the inmate's person.

(f) Under no circumstances shall invasive body cavity searches be conducted in accordance with this section. Body cavity searches shall be conducted pursuant to *N.J.A.C. 10A:3-5.8.*

HISTORY:

Amended by R.1988 d.406, effective September 6, 1988.

See: 20 N.J.R. 1331(a), 20 N.J.R. 2294(a).

Changed frisk to pat and added (g).

Amended by R.1994 d.374, effective July 18, 1994.

See: 26 N.J.R. 1937(b), 26 N.J.R. 2903(a).

Amended by R.1997 d.41, effective January 21, 1997.

See: *28 N.J.R. 4840(a), 29 N.J.R. 356(a).*

Inserted (b)6; deleted (c), relating to administrative segregation, prehearing detention, Management Control Units, South Hall, and other closed custody units; deleted (d)1 and (d)2 and recodified (d) as (a)7, (e) as (c) with substantial amendment, and (g) as (d); and deleted (f), prohibiting searches as punishment or discipline.

Amended by R.1997 d.324, effective August 4, 1997.

See: *29 N.J.R. 2231(a) 29 N.J.R. 3451(a).*

In (d), added ", Assistant Superintendent or the highest ranking custody supervisor on duty"; added (e); and recodified the former last sentence of (d) as (f) and amended.

Amended by R.1998 d.263, effective May 18, 1998.

See: *30 N.J.R. 966(a), 30 N.J.R. 1811(a).*

Rewrote (c); and in (d), substituted "custody staff" for "officers".

Administrative change.

See: *32 N.J.R. 303(a).*

Amended by R.2001 d.197, effective June 18, 2001.

See: *32 N.J.R. 2637(a), 33 N.J.R. 2082(a).*

In (b), inserted "of an inmate(s)" in the introductory paragraph and in 7 substituted "a custody staff member" for "an officer"; in (c), rewrote 4; rewrote (d); in (e), substituted "gender" for "sex".

Amended by R.2002 d.171, effective June 3, 2002.

See: *34 N.J.R. 962(a), 34 N.J.R. 1908(a).*

In (e) substituted "a Special Investigations Division" for "an Internal Affairs" and inserted "Special Operations Group" following "Investigator(s) or".

Petition for Rulemaking.

See: *35 N.J.R. 5312(a).*

Amended by R.2007 d.294, effective September 17, 2007.

See: *39 N.J.R. 2191(a), 39 N.J.R. 3936(b).*



# WASHINGTON LAWYERS' COMMITTEE
# FOR CIVIL RIGHTS & URBAN AFFAIRS

October 17, 2011

Charles Warren, Administrator
New Jersey State Prison
P.O. Box 863
Whittlesbey Road
Trenton, New Jersey 08625

**Re:   David Womack  SBI # 0S01569275, 537775**

Dear Mr. Warren:

Thank you for responding to my letter of September 13, 2011, regarding my difficulties in securing a legal visit with Mr. David Womack on September 9. In particular, I appreciate your providing a reference for the relevant policy with which staff at New Jersey State Prison claim Mr. Womack failed to comply. You have not disputed that Mr. Womack has refused strip searches that would force him to appear naked in front of other inmates, as confirmed by two of your staff. Such practices are directly contradicted by the policy you have cited to me. Mr. Womack is being punished and denied legal visits for refusing to comply with procedures that are explicitly prohibited by official policy.

Since at least February 2011, Mr. Womack has endured a strip search procedure as follows: He must take off his clothes while in his cell and slide them through the food slot. He is then ordered to exit from his cell to the tier, where he can be seen naked by numerous other prisoners and staff, and ordered to manually expose all body cavities for a visual inspection by DOC staff. In the process, he is subjected to humiliating jeers and insults of the other prisoners, and targeting for potential assault. This is the procedure to which Mr. Womack has refused to comply, and subsequently the basis for cancellation of his legal visit and the denial of other privileges in your facility. When I asked an officer on September 9 whether Mr. Womack had refused a strip search that required him to appear naked before other prisoners, the officer answered: "That's the policy."

Mr. Womack's refusal to comply with this imposed "policy" at the New Jersey State Prison is actually supported by the NJDOC policy you provided. The "policy" imposed upon him is in clear violation of NJDOC regulations. Section (c) of N.J.A.C. 10A:3-5.7 specifically notes:

> (c) A strip search shall be conducted:
>
> 1. At a location where the search cannot be observed by unauthorized persons;
>
> 2. In a professional and dignified manner, with maximum courtesy and respect for the inmate's person;

A strip search conducted in full view of other prisoners ("unauthorized persons") violates this policy. Secondly, such unprofessional and humiliating practices also violate section (c) 2, which is the basis for Mr. Womack's refusal to submit to a strip search in front of "unauthorized persons."

11 DUPONT CIRCLE, NW  SUITE 400  WASHINGTON, DC 20036

www.washlaw.org (WEBSITE)   (202) 319-1000 (VOICE)   (202) 319-1010 (FAX)   (202) 319-1075 (TDD)

Charles Warren
September 13, 2011
Page 2

When I asked the officer on September 9, 2011 (when my legal visit was cancelled) if in fact Mr. Womack had refused a strip search that required him to walk naked in front of other inmates, the correctional officer verified that this was "the policy." The Assistant Superintendent with whom I subsequently spoke also verified the same facts, noting that Womack had refused to comply with a strip search that required him to appear naked in front of other prisoners. I repeatedly requested a copy of the strip search policy during my aborted visit to the facility but was told it was "unavailable." In retrospect, it is clear that the strip search policy was not made available to me at that time (despite its availability on the Internet) because the official policy explicitly forbids the very practices that the staff admitted to imposing on Mr. Womack prior to my abortive legal visit with him.

You have verified in fact that the policy actually forbids such barbaric practices, and that Mr. Womack was correct to refuse to comply with those practices, which the staff admitted had been utilized. Mr. Womack has indicated that he will not comply with the illegal strip search procedures that require him to be humiliated in front of other prisoners. This is his right. Under NJDOC policy, he should be subjected to a strip search in a private location, and treated with maximum courtesy and respect. I formally make the following two requests, which I ask that you confirm in writing:

1.      That Mr. Womack will only be searched in a manner consistent with N.J.A.C. 10A:3-5.7 policy in all future legal visits, and whenever a search becomes necessary in the course of his custody at NJDOC.

2.      All staff at the New Jersey State Prison will be instructed that they will adhere to this policy. No inmate, including Mr. Womack, can be subjected to the humiliating strip search procedures utilized by staff at the New Jersey State Prison since at least February 2011.

3.      Mr. Womack will no longer be denied any privileges (outdoor recreation, phone calls, canteen) for refusing to submit to strip searches that contravene Section (c) of N.J.A.C. 10A:3-5.7. He has been denied outdoor recreation for more than nine months due to his refusal to comply with the strip search practices imposed upon him that you have shown violate New Jersey regulations.

These steps will facilitate his legal visits and verify that in fact the NJDOC is taking all necessary steps to insure that he can meet with his attorneys, as is his legal right. Additionally, you can confirm that in fact the NJDOC adheres to its own policies and procedures, and to the U.S. Constitution.

Thank you for your cooperation.

Sincerely,

Philip Fornaci
Director, DC Prisoners' Project

Charles Warren
September 13, 2011
Page 2

Cc:        Gary M. Lanigan
           Commissioner, NJ Department of Corrections
           Whittlesbey Road, P.O. Box 863
           Trenton 08625-0863

           Paula T. Dow
           Attorney General
           Office of the Attorney General
           P.O. Box 080
           Trenton, NJ 08625-0080

           Gary LoCassio
           Acting Director, Division on Civil Rights
           Office of the Attorney General
           PO Box 090
           Trenton, NJ 08625-0090

           Michelle S. Ricci
           Associate Administrator
           New Jersey State Prison
           P.O. Box 861
           Trenton, New Jersey 08625

           Melinda Haley
           Director, Office of Legal and Regulatory Affairs
           Whittlesbey Road, P.O. Box 863
           Trenton 08625-0863

           Peter Brustman
           US Bureau of Prisons
           P.O. Box 329014
           Brooklyn, New York 11232



**U.S. Department of Justice**

Federal Bureau of Prisons

*Community Corrections Office*



(Section #5)

P.O. Box 329014
Brooklyn, NY 11232



(October 11, 2011)

David Womack #537775
NJ SIB QS01569275
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

                              Re:      Correspondence
Dear Mr. Womack:

Your letter which was notarized on July 27, 2011 and received in this office
on August 29, 2011, raises many issues.

I acknowledge that you have notified this office, and provided copies of
your lawsuit against the State of New Jersey and its Department of
Corrections. A review of the Court records indicates that lawsuit was again
dismissed on August 22, 2011.  However, it is noted that you have filed to
re-open.  Any lawsuit against the State of New Jersey will be handled by
the State, in the court in which it is filed.

Your mention that NJ State Prison had you on psychotropic medication in 2006
is moot, as you indicate no medication is prescribed at this time.   Should
you be forcibly medicated in the future, please advise this office, and the
matter will be reviewed.

This office did contact NJ State Prison officials after you advised you had
been placed in a dry cell.  NJ officials provided a satisfactory explanation
for your placement in the dry cell (temporarily without a mattress), and
that matter is considered closed.

According to Ms. Sweeney, our NJ DOC liaison, you have been denied outside
recreation based on your refusal to comply with NJ DOC close custody strip
procedures.  We have asked NJ DOC to provide a copy of that policy for BOP
review.

You letter also mentions that you were not notified about mail reportedly
sent to you by the District of Columbia courts, through this office, in 2006.
Your allegation cannot be confirmed or denied due to the lack of a record
of such correspondence.

id Womack
age 2
October 11, 2011

Your trust account statement has been reviewed, and it has been determined
monies have been deducted for federal restitution in error.  A request to
the business office at NJSP has been made to have $13.95 returned to your
account.

Your request to be afforded a $25.00 spending limit is denied.  The BOP does
not provide a spending limit, or monies for basic necessities.  The BOP
provides necessities, whereas NJ DOC does not.  NJ DOC allows $15.00 per
month for necessities, and that is your limit.  Monies above that amount
are "frozen".  This "freeze", as you have been previously advised, is due
to the fact that you owe federal restitution and refuse to pay monies toward
the balance due.

Enclosed is a copy of your Custody Classification Form dated July 5, 2011.
This should have been given to you at our July 2011 meeting but was overlooked
at the time.


If you have any questions, please do not hesitate to contact this office.

                              Sincerely,


                              Peter Brustman,
                              Community Corrections Manager



    Enclosure

(Section #6) ←

1 of 3

To: Mr. Peter Brustman
        Community Corrections Manager
        P.O. Box 329014
        Brooklyn, NY. 11232
    I Am writing You this letter
to bring to your attention what we
talked about, Friday (7-8-2011) A
    You made clear that I am A
Federal Inmate. And That I Am
Just Being Housed Here (N.J.S.P)
That I Am Still Under Fed,
Guide-Lines.
    Also you Claimed that I Never
Notified You, Or No One In Your
Office, Of All The Wrong that
has been done here, (To Me)
① First Of All Your Office Never
did Nothing, When N.J.S.P. Tryed
To have Me Killed, (In Rec Yard) On
(8-7-2009) Another Inmate Asaulted
Me, And I was left with My Arm
Broken for five days. (Note: Another
Inmate, Took fence Apart, Came into
my Rec. Pen & Asaulted Me, I tryed
To Defend myself) I was Charged,
With fighting, And found guilty.
I was Not the One that Went into
His Rec Pen. He took fence apart,
With Camras On, & Watch Tower,
So They N.J.S.P. Knew What
Was Happening. ② Your Office

2 of 3

Date
1-15-11

③ Your Office Did Nothing When
N.J.S.P. Wrongfully, Put Me, In
A Dry Cell, And had me Sleeping
on the floor for (37) days
I caught the Disease "Mercer"
In said cell (4-B-6-Right) When
I was moved out I had to wait
Another five days before I received
Medical Attention, for the "Mercer"

Dates
2007
2008
2009
2010
2011

④ I Notified Ms. Donna Sweeney
About All the Above (1=thur-4) And
That N.J.S.P Was Not Responding
to my Grivance forms

⑤ I have wrongfully been denied
Out-Side Rec Since I was
broght back to N.J.S.P. 1-6-2011.
Nowhere In the federal System
would I be Denied Out-Side Rec,
Since, I Am under federal guide-
lines I Must get out Side Rec
Denied Rec, Through out 2011 (Jan thur July)
Received it Twice

D.C.
Dates
1-23-2006
3-14-2006
4-21-2006
5-15-2006

LEGAL
MAIL

⑥ Your office Did Not Notify
Four times That D.C. Courts had
Sent Your office Legal Mail On
My behalf About My Criminal
Case ⑦ You told Me that You would
Money Put back on Inmate account
4-8-2011, $1.80, - 6-8-2011- $1.80, - 7-13-2011 $9.15
This & any other money taken off My book's
Must be put back    And Since I Am under
foderal guide-linos. I Must be afforded the
$25.00 dollar limit. The Jed's Afford All Jed
Inmates, Not the $15.00 N.J. IS Allowing Me

3, of, 3

⑧ The Federal Grivance forms that
You Sent. You Did Not Sent me,
Blank forms, So I could fill thom
out, And disput their findings

Subscribed And Sworn before Me,
by on 27, day July, 2011

_____          Mr. DAVID L. WOMACK,
Notary public,                    Dodd hee Womack B

                    My CAMMiSSLONEX PiRES:

JOSEPH EDWARD AHRENS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 12/1/2015

                    Bop, #08497-007,
          Mr. DAVID WoMACK, Cell-1, 4B-R,
          DoC #537-775-SBI, 080 1569275,
                    New Jersey State prison
                         p.o. Box 861
                       Trenton, NJ, 08625

               3, OF, 3
                              (*48.90)

SEE (6) PASES OF MY NEW JEASEY
DEPARTMENT OF CORRECTIONS tRUSt
ACCOUNt StatEMENt AttACHEd, AS
YOU CAN SEE FROM MY AttACHED tRUSt
ACCOUNt StatEMENt, NEW JERSEY PRISON
SySTEM CONtiNUES to WRosgfulcy tAKE
MY MONEY AS RESULt OF diRECtiON FROM
tHE FEDERAL BUREAU OF PRISON. I WANt
MY MONEY PLACEd BACK ON MY ACCOUNt ASAP

(Section, f) ←

1) P.O. Box 329014     (5, 18, 2011,
Brooklyn, Ny 11232,
To: Mr. PETER BRUSTMAN, (CCM) Ms. Ne
I received your letter
Dated March 9, 2011.
  Where yon State that Msc
Do Not have to meet With
Those that It's their resonsibilit
To make Sure, They are rereiving
fair treatment,
Notei I have wrote you ahout
Mayor problems, Where My Safty
Is Concerned I did Not
Receive a respose
  Yon State that You are in Contact
With N.J.S.P. To make Sure
that, They up-hold the Inter-State
Conpact, I wrote yon about
Being Attacked by another inr
Because, N.J.S.P; lack of sercurity
In their Rec, Yards To make
thing worse. It was Clear. That
I did Not initiate attack
But was charge with fighting
After that N.J.S.P Continued
Cover hp othee Sercurity issues
Did You Know that for the last

2) month. I've been sleeping on the floor. No bunk. Could you please show me where in the inter state contract. It say that N.J.S.P. Does, Not have to provide me wit a Bunk. No-where in the Federal System would, I be in a Dry Cell for more than 72 hours I've been in this cell for more than 840 houts. Not only Does that violate inter-state-compact ghide-Times. It violates my Eighth amendment, Rights. They Might Say I'm on Camra movement, That means. When EveF I am moved out my cell they must have Camra preseut Not that I sleep on floor, That came about an Assault from Staff. The assault came about Becaus, I file a law, suit Behind their lack of Sercurity in the Rec, Pens Now I have Big Problems here That car Not be resolve I am getting ready to file another suit for them making Sleep on floor

3) Is N.J.S.P. going to try to set me up again in another situation? I am more than sure. That if you call and ask about me They will tell you that any problems I have, I brought on myself. But they won't tell you that, I did Not cut a hole in fence and fight anoth Inmate I Did Not take Bun out of my cell I Did Not tell gaurd to hit me up-slate the head. Do you feel that N.J.S.P. can provide safe invierment for me?? I know they can't. Because The problem is I have filed law suit against their system for their wrong doings. I am Not an N.J.S.P. Inmate. It is in everybodies best interest that I be moved out of N.J.S.P. System Can I get a response from you concerning my Sercurity Issues? If they notified you I was sleeping on floor 840 hours?

4, Also Note! last letter I received from Donna Sweeney, Regarding the freezing of my Inmate account,(s Note: N,J,S,P, Did not freez my arc They are "deducting" Money from my Inmate account Undrs B,O,P guidel With-out my concent, B,O,P, can Not dedmcted monies from my Inmate account, For N,J,S,P, To take It upon it's Self, to Deduct monie I's Not only in violation of B,O,P, gui It violate's Their own guide lines N,J,S,P, Must Put all Monies They Have taken off my Inmate account ba Note: She Clearly States  I am Suby to N,J,S,P, Regulations I have Not violated any of their regulation, For them to freez my account MoreLess take monies off It,

Ms, David L, womack
#537-775, SBI, OS-01569275
4B-R-Cell-1
New Jersey state prison
P.O. Box 861
TPenton, NJ 08625

#1

DAViD LEE WOMACK (Section 8)
#537775/050/569275
NEW JERSEY STATE PRISON
P. O. BOX 861
TRENTON, NJ 08625

GARY M. LANIGAN
COMMISSIONER
DEPARTMENT OF CORRECTIONS
P. O. BOX 863
TRENTON, NJ 08625

RE: GRIEVANCE SYSTEM

DEAR MR. LANIGAN

    I AM WRITING YOU TO COMPLAIN ABOUT
PRISON OFFICIALS TAKING UNFAIR ADVANTAGE
OF THE INMATE GRIEVANCE PROCESS AND
REFUSING TO RESPOND TO GRIEVANCES I
PROPERLY FILED IN THE FOLLOWING AREAS:

    1. BEING PLACED IN A SQUALID DRY CELL
FROM FEBRUARY 15, 2011 FOR (37) DAYS, WHEN
I DID NOT MEET CRITERIA OF 10A: 4.9.17 (d)
AND 10A: 4-10. 1 (C) (5) FOR PLACEMENT IN
THAT CELL.

    2) LOSS OF RECREATION FOR MORE THAN (30)

- 7 -

#2

days, ALTHOUGH PRIS OFFICIALS HAVE COMMON KNOWLEDGE OF THE DAMAGING EFFECTS ON HUMAN BEINGS RESULTING FROM AN EXTENDED DENIAL OF FRESH

3, INADEQUATE MEDICAL TREATMENT RELATED TO PHYSICAL THERAPY FOR SURGERY TO MY SPINE AND CATCHING MRSA FROM BEING BITTEN BY MICE WHILE IN DRY CELL

4, DENIAL OFF LEVEL 2 WHEN I AM SUPPOSED TO BE ON LEVEL 2.

5, THE ADMINISTRATION NEVER ACKNOWLEDGE MY DISCIPLINARY APPEAL FOR MY APRIL 06, 2011 DISCIPLINARY INFRACTIONS.

THE ADMINISTRATORS ARE INCULPATED EVEN IF HRY DENY HAVING RECEIVED GRIEVANCES, BECAUSE IT IS PRESUMED THAT IF PRISONERS SEND GRIEVANCES OR FILF DISCIPLINARY APPEALS THEY ARE RECEIVED. ADMINISTRATORS ARE THUS PRESUMPTIVELY PERSONALLY AWARE OF THE DEFICIENCIES IN HANDLING INMATES GRIEVANCES AND DISCIPLINARY APPEALS.

David Lee Womack

DAVID LEE WOMACK

DATED: JULY 02, 2011

-2-

DAVID LEE WOMACK.
537975/0501569275 (Section #8)
NEW JERSEY STATE PRISON
P. O. BOX 861
TRENTON, NJ 08625


DAN DIBENEDETT.
CORRECTIONS OMBUDSMAN
DEPARTMENT OF CORRECTIONS
P. O. BOX 855
TRENTON, NJ 08625

RE: GRIEVANCE SYSTEM

DEAR MR. DIBENEDETTI,

    I AM WRITING YOU TO COMPLAIN ABOUT
PRISON OFFICIALS TAKING UNFAIR ADVANTAGE
OF THE INMATE GRIEVANCE PROCESS AND
REFUSING TO RESPOND TO GRIEVANCES I
PROPERLY FILED IN THE FOLLOWING AREAS:

    1. BEING PLACED IN A SQUALID DRY CELL
FROM FEBRUARY 15, 2011 FOR (87) DAYS, WHEN
I DID NOT MEET CRITERIA OF 10A14-0.17(d)
AND 10A14-10.1 (c)(5) FOR PLACEMENT IN
THAT CELL.

    2. LOSS OF RECREATION FOR MORE THAN (30)
DAYS, ALTHOUGH PRISON OFFICIALS HAVE COMMON

-1-

KNOWLEDGE OF THE DAMAGING EFFECTS ON HUMAN BEINGS RESULTING FROM AN EXTENDED DENIAL OF FRESH AIR AND EXERCISE.

3. INADEQUATE MEDICAL TREATMENT RELATED TO PHYSICAL THERAPY FOR SURGERY TO MY SPINE AND CATCHING MRSA FROM BEING BITTEN BY MICE WHILE IN DRY CELL.

4. DENIAL OFF LEVEL 1 WHEN I AM SUPPOSED

MY DISCIPLINARY APPEAL FOR MY APRIL 06, 2011 DISCIPLINARY INFRACTIONS.

THE ADMINISTRATORS ARE INCULPATED EVEN IF THEY DENY HAVING RECEIVED GRIEVANCES, BECAUSE IT IS PRESUMED THAT IF PRISONERS SEND GRIEVANCES OR FILE DISCIPLINARY APPEALS THEY ARE RECEIVED. ADMINISTRATORS ARE THUS PRESUMPTIVELY PERSONALLY AWARE OF THE DEFICIENCIES IN HANDLING INMATES GRIEVANCES AND DISCIPLINARY APPEALS.

_David Lee Womack._
DAVID LEE WOMACK.

DATED: JULY 02, 2011

-2-

# Inmate
# Legal
# Association

(Section #4) ←

Third and Federal Street
Post Office Box 861
Trenton, N.J. 08625

From: Mr. Kevin Jackson
      #207013/#291833-B

ILA ASSOCIATE PARALEGAL
(INMATE  LEGAL  ASSOCIATION)

January 23, 2006

To: C/O Mr. David Womack
    SBI NO. 0S01569275
    4BL/ MCU / N.J.S.P.

Re: ILA Legal Response Via
    (Delivered) Through A
    Civilian Staff Member
    Surrounding A Interview
    Mercer County Prosecutor's
    Office And SID (Special
    Investigation Division)
    Here At N.J.S.P.

Dear Mr. Womack,

    Sir, Addressing your 1/04/06 Administrative Remedy surrounding you obtaining proper forms to press criminal charges individuals whom you alleged have assaulted you. Enclosed listed below please find the address to Mercer County Prosecutor Office.

                    Mr. Joseph L. Bocchini, Jr.
                    Prosecutor, Mercer County
                    Court House, 3rd. Floor
                    209 S. Broad Street
                    P.O. Box-8068
                    Trenton, New Jersey
                            08650-0068

    Where you must personally write to them and address your complaint. Hoping they get back in touch with you. In the alternative, Also, enclosed are forms on the State level and Federal level, where your choice to pursue your legal endeavors that you feel was criminally or civil violated.

(Section #4)

Most importantly, enclosed as well are some <u>NEW JERSEY</u> <u>DEPARTMENT</u> <u>OF</u> <u>CORRECTIONS</u>, <u>REQUEST</u> <u>SYSTEM</u> <u>&</u> <u>REMEDY</u> <u>FORMS</u>. That you must exhaust within the prison system (Administrative Remedies) first and foremost, by requesting in the <u>INTERVIEW</u> <u>REQUEST</u>, section, personally address to SID for an interview.

> To: C/O Principal Investigator
> Internal Affairs Unit
> New Jersey State Prison

Keep a copy of everything to write and send.

Sincerely,

Kevin Jackson
#207013/#291833-B
ILA Associate Paralegal
N.J.S.P.
KJ/kj
Att./Encl. (Administrative Request System &
           Remedy Forms, & State & Federal
           Forms For Court Complaints & Mercer
           County Prosecutor's Address & SID
           Address Here At N.J.S.P.)
c: Mrs.. Mildred Stribling
   Legal Assistant, N.J.S.P.
   Mr. Thomas Dechan
   Ed. Supervisor, N.J.S.P.
   Ms. Deniece Gray
   Asst. Ed. Supervisor, N.J.S.P.
   ILA FILE

(Section #4)

David L. Womack
#050-1569275-537775
New Jersey State Prison
P.O. Box - 861
Trenton NJ 08625

May 2, 2006

Hon. Eleanor Norton
Congresswoman
529 14th Street, N.W. Suite 900
Washington D.C. 20045-1928

RE:  Request for Follow-Up Investigation

Hon. Norton:

I pray and trust this letter will find you and those around you in the very best of God's health and spirits.

I'm writing this letter to bring to your attention a cycle of assaults perpetrated against me by members of the New Jersey Department of Corrections.  These assaults have occurred on at two occasions, they were unprovoked, and as a result I remain fearful of my health and safety.

Enclosed herein is a "detailed" copy of the letter I've written to Mr. Joseph L. Bocchini, Jr., Mercer County Prosecutor, formally requesting his office to investigate the assaults that's been perpetrated against me and I would appreciate any assistance you're able to render in assuring that a fair and thorough investigation is conducted concerning my situation.

Until I hear from you regarding the above I thank you in advance for your time, attention and any assistance you're able to render regarding the above.

Respectfully submitted,

David L. Womack

David L. Womack

Encl.

c.   Ms. Deborah Golden, Esq.
     Mr. Joseph L. Bocchini, Prosecutor
     file

(Section #4)

David L. Womack
#0501569275-537775
New Jersey State Prison
P.O. Box - 861
Trenton  NJ  08625

May 2, 2006

Mr. Joseph L. Bocchini, Jr.
Mercer County Prosecutor
Court House, 3rd. Floor
209 S. Broad Street
P.O. Box - 8068
Trenton  New Jersey  08650-0068

RE:  Request for Investigation

Dear Sir:

Kindly accept this letter as my formal request for your office to investigate an incident which occurred herein at New Jersey State Prison.  The following is what brings rise to my request.

On 12-8-05, officer Jones accused me of throwing my food tray on him which is a total fabrication.  Sgt. Smallwood was called and he along with officer Funderburke and another officer -name unknown- whom were escorting the nurse came to my cell and placed me in the shower.

As I was being taken from the shower and down to what I was told to unit 1-C (observation), one of the aforementioned escorting officers intentionally and forcefully slammed my face into the door as I was being escorted out the door.  This was done as I was handcuffed, under escort, and totally unaware that this would be done to me.

I was taken to the hospital, received approximately 19 sutures, and examined.  On 12-9-05, while I was housed on unit 4-B-R (cell #6), I was again assaulted by correctional staff without any provocation.  Specifically, it was the same squad of escorting officers whom had escorted me from unit 1-C. However, only this time they were accompanied by Donald Mee, Asst. Supt., Captain Collins, and Sgt. Smallwood.

The officers literally came in my cell and commenced assaulting me.  The sutures I received from the previous assault was reopened and I was struck in the neck so hard that I knew I was seriously hurt.  I did not assault any of the officers and neither did I do anything to justify their conduct towards myself.

(Section #4)        -2-

On 12-9-05, investigator Layton from S.I.D. (Special Investigations Division) came to my cell and said he wanted to take a statement from me concerning the assaults. The investigator read me my miranda rights and took a statement. I told the investigator exactly what I stated above and I also told him I was willing to take a polygraph concerning all I had stated to him concerning the assaults upon me. To this day I've not heard anything from investigator Layton regarding the status of his investigation or my request for a polygraph concerning the assaulted upon me.

In parting, I'd also like to mention that after I was assaulted on 12-9-05, I was left in the cell bleeding, cuffed, and in extreme pain without any medical treatment until 12-15-05. On 3-27-06, I was finally x-rayed after numerous complaints of pain in my neck and the x-ray revealed a pinch nerve in my neck.

Sir, as I previously stated I did not assault anyone and I was assaulted without any provocation. I have zero confidence in the integrity of a fair investigation concerning the assaults upon me being conducted by members of the Department of Corrections. Therefore, I'm left with no other recourse besides seeking assistance from your office in hopes that you will review and investigate and hopefully determine that the assaults upon me are, in fact, criminal.

Anything you may be able to do to insure a fair and thorough investigation regarding the above related events would be greatly appreciated. Until I hear from you concerning the above I thank you in advance for your time, attention, and any assistance rendered.

Respectfully submitted,

David L. Womack
David L. Womack

Encl.

c.   Hon. E. Norton, Congresswoman
     Ms. D. olden, Esq.
     file

(Section #4)

David L. Womack
#050-1569275-537775
New Jersey State Prison
P.O. Box - 861
Trenton  NJ  08625

May 2, 2006

Ms. Deborah Golden, Esq.
Prisoners Legal Services Project
2639 Connecticut Ave., N.W., Suite 225
Washington  D.C.  20008

RE:  Request for Follow-Up Investigation

Dear Ms. Golden:

I pray and trust this letter will find you and those around you in the very best of God's health and spirits.

Enclosed herein is a "detailed" copy of the letter I've written to Mr. Joseph L. Bocchini, Jr., Mercer County Prosecutor, formally requesting his office to investigate the assaults that's been perpetrated against me.  I've also enclosed a copy of the letter I sent to the Hon. E. Norton, Congresswoman, requesting assistance from her office as well.

Any assistance you're able to render in assuring that a fair and thorough investigation is conducted concerning my situation will also be appreciated and until I hear from you regarding the above I thank you in advance for your time, attention, and continued cooperation.

Respectfully submitted,

David L. Womack
David L. Womack

Encl.

c.  Hon. E. Norton, Congresswoman
    Mr. Joseph L. Bocchini, Prosecutor
    file

PLEASE SUBMIT THIS FORM INTO THE INMATE REQUEST/REMEDY BOX ONLY TO BE PROCESSED
[SIRVASE PRESENTAR ESTE FORMULARIO EN LA CAJA DE PETICIÓN DEL CONFINADO/INTERVENCIÓN SOLAMENTE PARA SER TRAMITADO]

Form: IRSF 101
N.J.A.C. 10A: 1-4

**NEW JERSEY DEPARTMENT OF CORRECTIONS**
[DEPARTAMENTO DE CORRECCIONES DE NUEVA JERSEY]

Revised 1/2005

**REQUEST SYSTEM & REMEDY FORM**
[FORMULARIO DEL SISTEMA DE PETICIÓN & DE INTERVENCIÓN]

**PART [PARTE] 1**    INMATE'S REQUEST OR COMPLAINT AREA:
[AREA DE PETICIÓN O QUEJA DEL CONFINADO]

TYPE OF REQUEST (Only Check one box)    ☑ ROUTINE INMATE REQUEST    ☐ INTERVIEW REQUEST    ☑ ADMINISTRATIVE REMEDY
[TIPO DE PETICIÓN]                       [PETICIÓN RUTINARIA DEL CONFINADO]  [PETICIÓN PARA UNA ENTREVISTA]  [INTERVENCIÓN ADMINISTRATIVA]

INMATE'S NAME: David Womack    SBI NUMBER: 050156927S
[NOMBRE DEL CONFINADO]                      [NÚMERO DE SBI]

INSTITUTION: NJSP    HOUSING UNIT: 4BL-MCU    DATE: 1/04/06
[INSTITUCIÓN]              [UNIDAD DE VIVIENDA]          [FECHA]

I am Requesting the Proper forms to Press Criminal
Charges Against Several Custody Staff Members that Brutally
Assaulted Me. I have Also Requested to be Interviewed
by the Mercer County Prosecutor's Office, and SID here at NJSP
to find out the Procedure to Bring Criminal Charges Against the
Custody Staff Who Assaulted Me.

Thank You.

No action taken on this form. DOC Corrective Action form issued with paragraph(s) # _____ marked.
[No se tomó ninguna medida en este formulario. Se proveyó el formulario de Acción Correctiva del DOC con el (los) párrafo(s) # _____ indicado(s).]

**PART [PARTE] 2**    THE ABOVE INMATE INFORMATION WAS DETERMINED BY THE COORDINATOR AS ONE OF THE FOLLOWING:
[EL COORDINADOR DETERMINÓ QUE LA INFORMACIÓN ANTERIOR DEL CONFINADO ES UNO DE LOS SIGUIENTES:]

☑ ROUTINE INMATE REQUEST    ☐ INTERVIEW REQUEST    ☐ ADMINISTRATIVE REMEDY
[PETICIÓN RUTINARIA DEL CONFINADO]      [PETICIÓN PARA UNA ENTREVISTA]    [INTERVENCIÓN ADMINISTRATIVA]

Coordinator's reason for disagreement of inmate's classification of form: Request forms
If this form is determined to be an Administrative Remedy, the Coordinator must complete Part 2, sign in the "Received By" area and return the pink copy to
the inmate as his/her receipt.

RECEIVED BY: OB    ROUTINE OR URGENT    SUBJECT OF REQUEST: HLA assistance
[RECIBIDO POR]    (Coordinator's signature if Administrative Remedy)    [RUTINARIO O URGENTE]    [SUBJECT OF REQUEST]
                   (Firma del Coordinador si es Interviene 1 = Administrativo)

DATE FORWARDED TO DEPARTMENT: 1.3.06    3.2    DATE RESPONSE RETURNED TO I/M: 3.2
[FECHA EN QUE SE ENVIÓ AL DEPARTAMENTO]              [FECHA EN QUE SE DEVOLVIÓ AL CONFINADO]

DEPARTMENT RESPONSIBLE: Education    CASE NUMBER: 0603    0433
[DEPARTAMENTO RESPONSABLE]    [NÚMERO DEL CASO]    YEAR    MONTH    EXCEL LINE /
                                                     [AÑO]    [MES]    [ÍNDICE EXCEL /]

**PART [PARTE] 3**    STAFF RESPONSE AREA [AREA DE RESPUESTA DEL PERSONAL]

Issued form T. Decker
3.2.06

STAFF SIGNATURE [FIRMA DEL PERSONAL]    DATE [FECHA] 3.3.06    Attachments: From Inmates _____
                                                                [DOCUMENTOS ADJUNTOS DEL CONFINADO]
                                                                From Staff _____
SIGNATURE OF ASST SUPT OR APPROPRIATE ADMINISTRATIVE DESIGNEE    DATE [FECHA]    [DEL PERSONAL]
[FIRMA DEL SUBDIRECTOR O LA PERSONA ADMINISTRATIVA CORRESPONDIENTE DESIGNADA POR ÉL]    DOC Staff Response Forms _____
                                                                [Devuelto al Inmate de la Petición del DOC]

**PART [PARTE] 4**    INMATE'S REMEDY APPEAL INFORMATION [INFORMACIÓN DE APELACIÓN DE INTERVENCIÓN DEL CONFINADO]

ADDITIONAL ATTACHMENTS: _____
[DOCUMENTOS ADJUNTOS ADICIONALES]

INMATE'S SIGNATURE [FIRMA DEL CONFINADO]    DATE [FECHA]

**PART [PARTE] 5**    DATE APPEAL RECEIVED: _____    DATE APPEAL RETURNED: _____
                      [FECHA EN QUE SE RECIBIÓ LA APELACIÓN]    [FECHA EN QUE SE DEVOLVIÓ LA APELACIÓN]

APPEAL DECISION AND ADMINISTRATOR'S COMMENTS:    ☐ UPHELD [CONFIRMADA]
[DECISIÓN SOBRE LA APELACIÓN Y LOS COMENTARIOS DEL ADMINISTRADOR]    ☐ MODIFIED [MODIFICADA]    ☐ DENIED [NEGADA]

ADMINISTRATOR'S SIGNATURE [FIRMA DEL ADMINISTRADOR]    DATE [FECHA]

Distribution: (Original) [Original] Department of Corrections Request /Remedy File Copy [Copia del Archivo de Petición/Intervención del Departamento de Correcciones]
[Distribución]: (Canary) [Amarillo] Inmate's Copy (Original/and if required Appeal Answer) [Copia del Confinado]
(Pink) _____

Brustman

(Section) #4

(Section #19) ←

**PLEASE SUBMIT THIS FORM INTO THE INMATE REMEDY BOX ONLY TO BE PROCESSED**
[SÍRVASE PRESENTAR ESTE FORMULARIO EN LA CAJA DE REMEDIO DEL CONFINADO SOLAMENTE PARA SER TRAMITADO]

Form: IRSF 101
N.J.A.C. 10A:1-4

Revised 1/2008

## NEW JERSEY DEPARTMENT OF CORRECTIONS
[DEPARTAMENTO DE CORRECCIONES DE NUEVA JERSEY]
## INMATE REMEDY SYSTEM FORM
[FORMULARIO DEL SISTEMA DE REMEDIO DEL CONFINADO]

**PART [PARTE] 1**

INMATE'S REMEDY OR COMPLAINT AREA:
[ÁREA DE REMEDIO O QUEJA DEL CONFINADO]

**TYPE OF REQUEST** (Only Check one box)
[TIPO DE PETICIÓN]   (Llene solamente una cajita)

☑ ROUTINE INMATE REQUEST
[PETICIÓN RUTINARIA DEL CONFINADO]

☐ INTERVIEW REQUEST
[PETICIÓN PARA UNA ENTREVISTA]

INMATE'S NAME: Mr. DAVID L. WoMacK
[NOMBRE DEL CONFINADO]

SBI NUMBER: 050l569275
[NÚMERO DE SBI]

INSTITUTION: N.J.S.P
[INSTITUCIÓN]

HOUSING UNIT: 4B-L-Cell#7
[UNIDAD DE VIVIENDA]

DATE: 3-2-2010
[FECHA]

To: Mr. Holmes Assistant Superintendent
I Spoke to you on, 2,26,2010, about My ongoing problem of ~~Fall Burin~~ of ~~Prins~~
Constantly Being denied Phone calls to My Bop Case Manager,
Ms. Maria Figuerok For over #16 Months, I have put in
Multiple request slips to Ms. Ratts to Call to Call Ms Figueroa
I would Like to Know WHY I Haven't Seen Ms Fisueroa in
over #16 Months wHew Bop policy says I AM supposed To
See Her Twice A year. I AM Requesting A straight
out Call to Ms. Figueroa,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
No action taken on this form. DOC Corrective Action form issued with paragraph(s) #_____ marked.
[No se tomó ninguna medida en este formulario. Se proveyó el formulario de Acción Correctiva del DOC con el (los) párrafo(s) #_____ indicado(s).]

**PART [PARTE] 2** THE ABOVE INMATE INFORMATION WAS DETERMINED BY THE COORDINATOR AS ONE OF THE FOLLOWING:
[EL COORDINADOR DETERMINÓ QUE LA INFORMACIÓN ANTERIOR DEL CONFINADO ES UNO DE LOS SIGUIENTES:]

☑ ROUTINE INMATE REQUEST
[PETICIÓN RUTINARIA DEL CONFINADO]

☐ INTERVIEW REQUEST
[PETICIÓN PARA UNA ENTREVISTA]

ROUTINE or URGENT
[RUTINARIO O URGENTE ]

RECEIVED BY: RC
[RECIBIDO POR]

SUBJECT OF REQUEST: phone cuel to Feds prism
[TEMA DE LA PETICIÓN]

DATE FORWARDED TO DEPARTMENT: 3.3.10
[FECHA EN QUE SE ENVIÓ AL DEPARTAMENTO]

DEPARTMENT RESPONSIBLE: Assist to Adm.
[DEPARTAMENTO RESPONSABLE]

DATE RESPONSE RETURNED TO I/M: 3 16
[FECHA EN QUE SE DEVOLVIÓ AL CONFINADO]

CASE NUMBER: 10 03 0002
[NÚMERO DEL CASO]

YEAR [AÑO]   MONTH [MES]   EXCEL LINE [LÍNEA DE EXCEL]

3.

**PART [PARTE] 3** STAFF RESPONSE AREA [ÁREA DE RESPUESTA DEL PERSONAL]: ~~Community~~ Corrections Specialist,
Today This writer spoke To Lisa Nemeth, ~~Community~~ Corrections Specialist,
with the Federal Bureau of Prisons in regard To Inmate Womack's
request. Be advised that (Ms. Nemeth) was recently assigned To Serve
as his case manager. She has. Instructed that Inmate Womack
write to her first with his concerns. After receipt of his letter
we will schedule a telephone call. Her address is:
Federal Bureau of Prisons, P.O. Box 329014, Brooklyn, NY 11232

narcisa n. Cruz
STAFF SIGNATURE [FIRMA DEL PERSONAL]
N/C

3-10-10
DATE [FECHA]
3/3l/10

Attachments: From Inmate: _____
[Documentos adjuntos: Del Confinado]
From Staff: _____
[Del Personal]

(Section #9) ← 3-24-2010

To: Ms. Nemeth (CCM)

I am writing this letter due to the fact that I am a D.C. Inmate. I have not seen Ms. Maria E Figueroa, My pop Federal Case Manager In over #16 Months, nor have been able to Speak to her on the phone. I have put in Multiple grievances requesting phone Calls to Ms. Figueroa. I wrote you and you wrote Me back on August 19, 2000, Then Warden HolMes and SoMe lady who said She was your boss CaMe to My Cell and told Me that I Cannot Call Ms. Figueroa Collect and they would arrange For Me to Call her direct FroM a straight out phone FroM downstairs To date, I have not Made. the. Phone Call nor have I spok to

3, 1, 2010,

(Section #9) ←

Donna Sweeney-Elrose
Supervising administrative analyst
Division of operations Department of
Corrections. p.o. Box 863
Trenton, N.J. 08625-0863,

Dear ans. Ms. Sweeney-Elrose:

I am writing this letter due to the Fact that I am A
D.C. Inmate. I Have not Seen Ms. Maria E Figueroa My rop Federal
Case Manaser In over #16 Months, nor Have been able to speak to Her
on the pHone,

I Have put in Multiple grievances requssting phone Calls to Ms. Fisueroa
I Wrote you and you wrote Me bacF on ausust, 19, 2000, Then Warden
Holmes and some lady Who said sne Was your boss caMe to My Cell
and told Me tnat I Cannot Call Ms-Fisueroa Collect and they would
arranse For Me to call her direct FroM A stra'sht out phone FroM
downstairs. to date, I have hot Made the phone Call Mor hove I
spoken to Ms. Figueroa, I would Like to know why am I Constantly
beins denied My due prccess right to see My (Bop) Case Manaser Ms,
Figueroa For over #16 Months, As, well as Speak to Her on the
    phone about My issues and probleMs,

David L. Womack
#537775, SBI oSo/569275
4B-L-Cell #1
New Jersey state prison
p.o. Box 861
Trenton, N.J. 08625,



## State of New Jersey
### DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO Box 863
TRENTON, NJ 08625-0863

JON S. CORZINE
*Governor*

(Section, 9) ←

August 12, 2008

GEORGE W. HAYMAN
*Commissioner*

David Womack 537775
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

Dear Mr. Womack:

Reference is made to your letter dated August 4th. I am referring your concerns to Administrator Ricci, who, I am confident, will ensure that your legal access to your attorney is accommodated.

Very truly yours,

Donna Sweeney Elrose

Donna Sweeney-Elrose
Supervising Administrative Analyst

C: Administrator Ricci



## State of New Jersey
### DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO Box 863
TRENTON, NJ 08625-0863

JON S. CORZINE
*Governor*

(Section #9) ←

August 19, 2009

GEORGE W. HAYMAN
*Commissioner*

David Womack 537775
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

Dear Mr. Womack:

As discussed on August 19th, I phoned    Figueroa to discuss your request to have her placed on your PIN system, so you may phone collect as needed.  She was out of the office, though I did speak with her supervisor Mr. Brustman.

No federal inmate has the permission or consent to call the BOP offices collect.  As such, your request is denied.

I was further advised that you would be returning to the BOP facility at Springfield for a surgical procedure.  I have not been advised when this may occur.

Very truly yours,

Donna Sweeney-Elrose
Supervising Administrative Analyst
Division of Operations

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*



## State of New Jersey
### DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO BOX 863
TRENTON NJ 08625-0863

**CHRIS CHRISTIE**
*Governor*

**KIM GUADAGNO**
*Lt. Governor*

(Section #9) ←

**GARY M. LANIGAN**
*Acting Commissioner*

March 11, 2010

David Womack 537775
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

Dear Mr. Womack:

Reference is made to your letter dated March 1. I have spoken to Ms. Nemeth, at the CCM Office, who is your new case worker. She indicated that you need to address your concerns in writing to her, and she will determine if a phone call is warranted.

Very truly yours,

*Donna Sweeney*

Donna Sweeney
Supervising Administrative Analyst
Division of Operations



## State of New Jersey
DEPARTMENT OF CORRECTIONS
WHITTLESEY ROAD
PO Box 863
TRENTON, NJ 08625-0863

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

GARY M. LANIGAN
*Commissioner*

(Section #9) ←

September 1, 2011

David Womack 537775
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

Dear Mr. Womack:

Reference is made to your letters dated July 27, regarding the freezing of your inmate account, pursuant to a request from the Bureau of Prisons.

In accordance with the BOP request, and as remaining in the legal custody of the BOP, we have frozen your account to the extent that you are able to access $15 monthly. If you are questioning the authority of the BOP, kindly contact them directly regarding this issue. While you are subject to the regulations of New Jersey, you continue to be subject to the authority of the Bureau of Prisons, as well.

With regard to your issues regarding your recreation, I have been advised that you refuse to comply with the strip search requirements. Your refusal is directly impacting on your outdoor recreation. Your status as a federal inmate housed in New Jersey does not negate your responsibility to follow New Jersey protocol.

Very truly yours,

Donna Sweeney
Supervising Administrative Analyst
Division of Operations

C: Peter Brustman

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*

U.S. Department of Justice

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four. . One copy each of the completed BP-229(13) and BP-230(13), including any attach-
ments must be submitted with this appeal.

From: David WoMaCK                    (08497-007)   3-2        (N.C.F.P.)
_____      _____    _____   _____
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT       INSTITUTION

**Part A. REASON FOR APPEAL** at No time Was I late Notifying the BoP that
I WAS wrongfully transfered to Now. jersey. I Notified the
Administration Has Soon as I got to New jersey, I
also Notified the interState Agreement lady, Mrs.
Sweeney in New jersey, I also File A case iN New
jersey State Court that I was wrongfully transfered,
I also Notified My Federal case Manager, Mrs. Maria
Figueroa Multible times has well As My new Case Manager,
Mrs. NeMeth which I havaint Seen Nor spoke too My last
19-Months iN New jersey. when I caMe back to the Feds
My lawyer told Me that I had to File A grievence oN this, I
got Legal DocuMeNtation of this, on-10-21-05-I was wrongfully
transferd by warden Mr. Joseph V. SMith to tren ton New
jersey MY CoNstitut Lonal

10-6-2010                                  David WoMaCK
_____                          _____
DATE                                     SIGNATURE OF REQUESTER

**Part B.- RESPONSE**

# RECEIVED

NOV  2 2010

### Administrative Remedy Section
### Federal Bureau of Prisons

_____                          _____
DATE                                     GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY         CASE NUMBER: _____

**Part C - RECEIPT**                     CASE NUMBER: 605142-A

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                          _____
DATE                                     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN1VN                                                             BP-231(13)
                                                                   JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 22, 2010

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : DAVID WOMACK, 08497-007
      SPRINGFIELD USMCFP     UNT: MED/SURG.     QTR: E01-004L
      P.O. BOX 4000
      SPRINGFIELD,  MO 65801


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 605142-R1        REGIONAL APPEAL
DATE RECEIVED   : SEPTEMBER 20, 2010
SUBJECT 1       : TRANSFER - OTHER
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REMARKS         : TRANSFERRED BY WARDEN SMITH TO TRENTON, NEW JERSEY




**Received By Inmate**

OCT 0 6 2010

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: David WoMack  (08497-007) 10-E-cell-11 (N.C.F.P.)
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A - REASON FOR APPEAL at no TiMe was I late NotiFYing the BoP that I WAS WrongFully transferred to new Jersey. I notified the AdMinistration Has Soon as I got to new Jersey, I also Notified the interstate Agreement lady, Mrs. Sweeney in New Jersey, I also Filed a Case in new Jersey State Court, that I was WrongFully transFered, I also NotiFied MY Federal Case Manager, Mrs. Maria Figueroa Multible times has well as MY New Case Manager, Mrs. Nemeth which I havaint Seen Nor Spoke too MY last # 19-Months in New Jersey. when I CaMe back to the Feds MY lawyer told Me that I had to File A grievence oN this, I got Legal DoCuMentation oF this. oN-10-21-05-I was WrongFully transFerd by Warden Mr. Joseph V. SMith to tren ton. New Jersey MY Constitutional

9,7,2010           see AttachMents#           Danld WoMack
DATE               Paper                      SIGNATURE OF REQUESTER

Part B - RESPONSE

RECEIVED
SEP 2 0 2010

BY:

Received By Inmate

OCT 0 6 2010

_____          _____
DATE                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 605142 R1

Part C - RECEIPT          CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                         SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

597775/050159275
4B-Left-Cell #1
New Jersey State Prison
P.O. 861
Trenton, NJ, 08625
August, 18, 2008

(Section #6) ⟸

Ms. Maria E. Figueroa
Contact Oversight Specialist
Federal Bureau of Prisons
P.O. Box, 329014
Brooklyn, NY, 11232,

Re: Interstate Transfer

Dear Ms. Figueroa:

Please find attached to this letter, a duly executed Authorization, releasing all records concerning me to my attorney. In our last interview you noted to me that you required this authorization, to enable you to release my records; hopefully, this is sufficent and you can release this information without further delay,

In our last meeting you indicated that you were making the necessary arrangements to have me transferred to another State; however, I remain in New Jersey despite my current assignment being inappropriate, and in violation of the standards set by the Federal Bureau of Prisons in relation to conditions/ treatment afforded prisoners.

Since my arrival at Trenton, I've been subjected to deprivation of the majority of my constitutional/human rights, and have suffered physical harm and loss. I was improperly placed on forced psychotic medications, that has caused me to suffer the onset of diabeties, subjected to physical beatings resulting in having sutures in my head, neurological harm and chipped bones. Moreover, I am constantly under the

the threat of death from this prison's guards. In fact, I have been subjected to beatings and threats of beatings, without just cause on numerous occassions by corrections staff from the time I arrived at this prison.

If you recall, I informed you in our last interview, that I was being improperly submitted to psychotropic medications; indeed, I was forced to undergo <u>forced injections</u> every two weeks of RISPERDAL and DEPAKOTE until these drugs caused me to develope diabetes. These forced medications were discontinued abruptly, without any examination, and without any ill effects to me when they were stopped,

I can not better myself under my currents conditions of my confinement, and the only thing I can be sure of happening, is that I will be submitted to fatal harm if I am left much longer at this facility,

Therefore, I respectfully request, that you take immediate action to have me removed from my current assignment and transferred to a facility, whereas, my rights to humane treatment are observed and I am not caused to constantly endure Cruel and Unusual Punishment.

Your assistance is appreciated

Sincerely yours,

cc: Deborah Golden, Esq.                    David Womack

Attachment: Authorazation to Release Records

# AUTHORIZATION
# TO RELEASE CERTAIN
# OFFICIAL RECORDS

PLEASE TAKE NOTICE in accordance to Freedom of Information Act I, DAVID WOMACK, do hereby AUTHORIZE Maria E. Figueroa, her successors in office, all agents of the Federal Bureau of Prisons, and Officials of the New Jersey Department of Corrections, to release, without delay, the following records maintained by them:

1. Any/all records pertaining to my assignment to the Federal Bureau of Prisons.

2. Any/all records pertaining to the Interstate Transfer Agreement assiging me to the New Jersey Department of Corrections.

3. Any/all Interstate Transfer Agreements confining me at the New Jersey Department of Corrections at Trenton.

4. Any/all records maintained by the New Jersey Department of Correction State Prison as pertaining to:
    a. S.I.D. Investigative Reports
    b. Progress Reports
    c. Housing Reports
    d. Psychology Reports
    e. Medical Reports
    f. Confidential Reports

5. Any/all records pertaining to any Court Hearings authorizing my Involuntary Out-of-State transfer.

6. Any/all records pertaining to my sentencing and criminal convictions;

7. Any/all records pertaining to me that are maintained by the Federal Bureau of Prisons Management Center.

I, further authorize, the records mentioned in Items 1-7 as noted above may be transmitted through electronic media, facsimile, or photocopy to the following attorney at the below name and address:

Ms. Deborah Golden, Esq
11 Dupont Circle, N.W.
Suite 400
Washington, D.C. 20036

by: *David Womack*
David Lee Womack

Subscribed and Sworn before me ___CRYSTAL RAUPP___
NOTARY PUBLIC

on this ___18___ day of August 2008.

My commission expires: _____

CRYSTAL A. RAUPP
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 10/25/2011