UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

August 21, 2012

**LETTER ORDER**

Re:   Womack v. Moleins, et al.
      Civil Action No. 10-2932 (AET)

Dear Mr. Womack:

Via Order dated May 25, 2012 and entered on May 29, 2012 (the "May 29th Order), the District Court directed Plaintiff to submit an all-inclusive Amended Complaint under the above-captioned docket number. The Amended Complaint was to encompass "all of the claims that [Plaintiff] wishes to present before this court including those claims presented in 11-cv-2884 and 12-cv-1232." (5/29/12 Order at 4; Docket Entry No. 18). Further, the Amended Complaint was to be filed within 60 days of the date of the entry of the District Court's Order, i.e., within 60 days of May 29, 2012 or by July 30, 2012. Via the May 29, 2012 Order, the District Court also denied, without prejudice, Plaintiff's request for the appointment of counsel finding that Plaintiff "has provided no evidence that he is incapable of managing his own affairs." (*Id*. at 3, ¶ 14). The District Court, however, also permitted Plaintiff to "resubmit his request for counsel" at the time he submitted his Amended Complaint and instructed Plaintiff to include any evidence to support his request for counsel at the time he made same.

While Plaintiff failed to submit an Amended Complaint as directed by the District Court in the May 29th Order, Plaintiff did renew his request for counsel within the appropriate time frame. Indeed, prior to July 30, 2012, Plaintiff made four separate submissions in an effort to support his claim for the appointment of counsel. (*See* Docket Entry Nos. 19, 20, 21 & 22). In addition, Plaintiff recently submitted additional correspondence in further support of his request for counsel. This additional correspondence was received by the Court on August 16, 2012 and has yet to be docketed in light of the sensitive, personal medical information contained therein.

Here, Plaintiff argues that he should be appointed *pro bono* counsel because he does not understand the law and is illiterate. To support his claim of illiteracy, Plaintiff attempts to attach records from the District of Columbia Public School System, Office of Special Education to show that he cannot read or write. Plaintiff also relies on records showing that nearly all of his filings have been drafted by someone other than himself to establish his illiteracy. In addition, Plaintiff points to a Third Circuit Opinion in which the Third Circuit acknowledged that Plaintiff "cannot read or write" to demonstrate that he is illiterate and needs the assistance of counsel (Letter from Mr. Womack to the Clerk of the Court of 6/19/12 at 4; Docket Entry No. 20 (quoting *Womack v. Smith*, 310 Fed. Appx. 547, 549 (3d Cir. 2009) (internal quotation marks omitted)).

The Court has reviewed all of the voluminous evidence submitted by Plaintiff in support of his request for counsel. While much of the evidence presented by Plaintiff is not relevant to his request for counsel, but instead is directed to the merits of his claims, the Court finds that Plaintiff has submitted sufficient evidence to establish that counsel should be appointed here.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, there is no right to counsel in a civil case. *Tabron v.*

*Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether counsel should be appointed in a civil matter, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157. In addition, the Court also must consider other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" in determining whether *pro bono* counsel should be appointed. *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

After reviewing these factors with respect to Plaintiff's request for counsel, the Court finds that on balance they support appointing counsel in this matter. In reaching this conclusion, the Court notes that Plaintiff has been permitted to proceed *in forma pauperis* in this matter and that, as such, Plaintiff's claims are arguably meritorious and Plaintiff clearly lacks the ability to afford counsel on his own behalf. Further, while the Court does not believe that the civil rights claims asserted by Plaintiff are unusually complex, the Court has serious concerns about Plaintiff's ability to present his case regardless of the fact that it involves relatively straightforward Section 1983 claims. As the Third Circuit has already acknowledged, Plaintiff "cannot read or write." *Womack v. Smith*, 310 Fed. Appx. at 549. Being illiterate, Plaintiff will be hard pressed to effectively prosecute this matter.

3

Indeed, the Court is concerned that Plaintiff may be unable to engage in the discovery he is rightfully entitled to pursue and may be unable to meet his discovery obligations and/or comply with the Court's orders. The Court's concerns over Plaintiff's ability to pursue this matter are also heightened by the fact that there is evidence which tends to show that, in addition to his physical, medical ailments, Plaintiff may also suffer from certain mental health problems. Under these circumstances, even after taking into account "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time[,]" the Court finds that the appointment of counsel is warranted under the *Tabron* factors. *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58). As a result, the Court shall appoint *pro bono* counsel to represent Plaintiff in this matter.

The Court shall designate specific counsel for Plaintiff in a subsequent Order. Once appointed, counsel shall have 30 days from the date a notice of appearance is filed to file the comprehensive Amended Complaint outlined by the District Court in the May 29, 2012 Order. In light of the fact that counsel is hereby being appointed for Plaintiff, Plaintiff is directed to refrain from submitting any additional correspondence directly to the Court. Any future submissions must be made by counsel.

**IT IS SO ORDERED.**

s/Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**